[No. 15963.   Department Two.   January 19, 1921.]

## WM. HENRY et al., Appellants, v. BRUHN & HENRY, INCORPORATED, Respondent.[1]

LANDLORD AND TENANT (144)—ACTIONS FOR UNLAWFUL DETAINER—
ISSUES AND PROOF—EVIDENCE—ADMISSIBILITY. Upon an issue as to
whether defendant, in unlawful detainer, had a right to an exten-
sion of the lease, a reply to the effect that defendant's option for an
extension had been forfeited by failure to pay rent in advance, may
be met by the defendant by proof that plaintiff had waived payment
of rent in advance.

SAME (31)—RENEWALS—OPTION TO RENEW. The right to a re-
newal of a lease is a substantial right and part of the term itself,
and is independent of the payment of rent when rent is not ex-
pressly declared to be a condition precedent to the exercise of the
privilege.

SAME (124)—ACTION TO RECOVER POSSESSION—DEFENSES—WAIVER
OF FORFEITURE. Where the lessor had uniformly acquiesced in the
payment of rent after the due dates, he cannot declare a forfeiture
for nonpayment of rent in advance and resist an optional renewal
of the lease which the tenant elected to renew prior to the expira-
tion of the term or the commencement of an action to forfeit the
lease.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 26, 1920, upon findings in favor of the defendants, in an action to recover the possession of leased premises, tried to the court. Affirmed.

*J. A. Coleman,* for appellants.

*E. W. Klein,* for respondent.

[1]Reported in 195 Pac. 20.

MITCHELL, J.—The opinion upon a former appeal in this case is reported in 110 Wash. 321, 188 Pac. 506. Plaintiffs leased to the defendant certain real property for a term of five years from February 2, 1914, with the right of the lessee to renew the lease for another five years at the same rental. Upon the expiration of the five years, this action was commenced to recover possession of the premises, upon the ground that the lease had expired and that the defendant continued in possession without right.

The defendant filed an affirmative answer to the effect that, within the knowledge of the plaintiffs, it had elected to renew the lease for an additional five-year period. Plaintiffs filed a reply denying the new matter set up in the answer, and plead affirmatively that the defendant was not entitled to effect a renewal of the lease because it had violated a condition of the lease that the land was not to be plowed but maintained as pasture; and had failed to pay in advance the quarterly rent for the last quarter of the five-year term, commencing on November 2, 1918, and ending on February 2, 1919, or at all during the whole of that quarter. Upon motion of the defendant, the reply was stricken. Upon that appeal, it was decided the reply should not have been stricken, and the cause was remanded with directions to try out the issues presented by the reply.

Upon the new trial, the sole contention was that the defendant had breached the condition of the lease which provided for quarterly payments in advance, by not paying the rent for the last quarter of the five-year period, which became due on November 2, 1918.

Over the objection of the plaintiffs, the respondent was permitted to show that, during the whole five years, it had never paid rent in advance, or at any time (other than the first quarter), until after each quarter

had passed, and then usually upon request of appellant who had never made any objection to that course of dealing. Specifically, the court found:

"That said lease provided that the defendant should pay as rent for said lands the sum of $16 per acre per annum quarterly in advance on the first day of each and every quarter during said term; that the first quarter's rent was not paid in advance, but was paid during the month of February of the first quarter; that thereafter the defendant continued to pay the rent for each quarter, not in advance as the lease provided, but each time after the expiration of the quarter, and sometimes as long as five months after the same was due under the terms of the lease; that the plaintiffs sent statements each time for three months' rent, and at all times the defendant paid the rent promptly when plaintiff called for same and remitted promptly upon the receipt of a statement therefor; that plaintiff never found fault or complained of the manner in which the rent was being paid; that the rent due by the terms of said lease on the 2nd day of November, 1918, was not paid at said time, but was sent to the plaintiff on the 4th day of February, 1919, right at the expiration of the quarter, but before the commencement of this action, which said rent was by the plaintiff returned to the defendant and acceptance refused; that said last quarter's rent was paid by defendant in accordance with a course of conduct that had been followed throughout the five years that said lease had run, and no fault was ever found or protest made by defendants on account of the manner of payment of said rent; that after the first trial of this action in this court the defendant again sent the plaintiffs the accrued rent from November 2, 1918, which was again refused by the plaintiff and returned to defendant."

The trial court held that this course of dealing constituted a waiver on the part of the plaintiffs of the provision of the lease requiring payments of rent

quarterly in advance, and entered judgment dismissing the action. Plaintiffs have appealed.

There is no dispute of the evidence upon which the court's finding rests. It was objected to as being immaterial, and it is now insisted, under the rule of the law of the case, that respondent is foreclosed of the right to answer by proof the affirmative allegations contained in the reply that the rent for the last quarter of the five-year period was not paid in advance (the only alleged breach of the contract relied on at the second trial), other than to show, if it could, that that quarter's rent was paid for in advance; and that, as its proof showed it was not paid in advance, therefore, all the testimony as to the course of dealing in the prior collections was wholly immaterial.

The contention is not tenable. In the former opinion, there was no discussion of the affirmative matters alleged in the reply with reference to whether or not there could be an effective waiver of the stipulation for payment of the rent in advance, nor was there any opinion expressed as to whether or not the right of the lessee to a renewal was in any way dependent upon compliance with the covenant to pay the rent in advance. On the contrary, the decision answered the erroneous theory upon which it appeared the reply had been stricken, viz.: that it was inconsistent with the allegations of the complaint, and remanded the cause for a new trial upon the two issues presented by the reply. Certainly, by all the rules of pleading and fair play, after the reply was reinstated, the respondent was at liberty to meet the allegations thereof by any legitimate proof it had which would be effective in the law.

If the testimony as to the course of the conduct of the lessors showing uniform chosen delays in the collection of rents was immaterial, it was so only because

the lease should be construed in such way that the right of the lessee to a renewal was independent of the covenants to pay rent; the rule in such cases being that:

"Where the payment of rent is not expressly declared to be a condition precedent to the exercise of a privilege to have a renewal, the fact that the lessee is in arrears for rent when he elects to take a renewal taken alone does not deprive him of his right to a renewal." 2 Underhill, Landlord and Tenant, p. 1386, § 812.

See, also, *Tracy v. Albany Exchange Co.*, 7 N. Y. (Selden) 472, 57 Am. Dec. 538. In such event, the admission of the testimony would be without prejudice, and respondent entitled to judgment, since this is the only alleged breach relied on by the appellant in the second trial.

On the other hand, if it be claimed that the privilege of a renewal was not independent of the covenants to pay rent, then the testimony objected to was important and material, under the well settled rule that forfeitures are not favored. The right of a renewal provided for in this lease is a substantial right. It is, in effect, a part of the term itself.

"Where a lessor, by his acquiescence in his tenant's delay in paying the rent, has induced his tenant to believe that a strict performance of his covenant to pay rent at times specified in the lease will not be required of him, equity will not permit the landlord to enforce a forfeiture, where under the circumstances it would be inequitable, and full compensation can be made to the landlord for the consequences of the tenant's default in paying rent." 1 Underhill, Landlord and Tenant, p. 665, § 412.

This rule is based upon sound principles of justice and right. It is applicable here, where the tenant had elected to renew and actually tendered payment of all

rent in arrears prior to the commencement of this action.

During the whole period of five years, the appellants had been entirely content to delay until it suited them to send statements or call in person for the rents, long after they were due, at all of which times they received prompt payments; and, even in the complaint in this cause, no fault of the respondent in not paying the last quarter's rent on its due date is alleged upon which a termination of the lease was claimed; that charge was reserved until the reply was filed; nor is the solvency of the respondent in any way questioned.

We are satisfied the judgment appealed from is right and it is affirmed.

HOLCOMB, MOUNT, MAIN, and TOLMAN, JJ., concur.