[No. 18748.    Department Two.    March 10, 1925.]

ALICE M. OWENS, *Respondent*, v. CLYDE LAYTON *et al.*, *Appellants*.[1]

LANDLORD AND TENANT (146)—UNLAWFUL DETAINER—DAMAGES—MEASURE OF DAMAGES—STATUTES.  Where a tenant holds over after termination of the tenancy by a notice to quit, rent ceases and the measure of damages for the unlawful detainer is the market rental value of the premises during the period of detention.

Appeal from a judgment of the superior court for King county, Carey, J., entered February 9, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action of unlawful detainer.  Affirmed.

*Walter Metzenbaum,* for appellants.
*Moore & Higgins,* for respondent.

MITCHELL, J.—On the 1st day of April, 1922, Alice M. Owens, by oral agreement, rented to Clyde Layton, *et al.,* certain premises in Seattle for the sum of $100 per month, payable in advance on the first of each month.  Defendants went into possession and paid the rent monthly.  On November 8, 1923, she served on the defendants the statutory twenty days' notice requiring them to quit and surrender the premises on November 30, 1923.  The defendants failing and refusing to quit, this action in unlawful detainer was commenced.  On February 1, 1924, prior to the trial of the action, she filed a supplemental complaint alleging that the defendants still continued in possession of the premises, to her damage in the sum of $450, and would continue to damage her as long as they continued to hold the possession of the premises, in the sum of

[1]Reported in 233 Pac. 645.

$150 per month. On these complaints and an answer of general denials, the action was tried to a jury, which on February 5, 1924, returned a verdict for the plaintiff in the sum of $300. A judgment in double that amount, as provided by statute in such cases, was entered against the defendants, who have appealed.

The sole question on the appeal arises on the following instruction, which is complained of by the appellants:

"The measure of damages will be the fair market rental value of the property. The burden is on the plaintiff to show and prove damages by a preponderance of the evidence. Whatever the preponderance of the evidence shows will be the fair rental value of the property,—fair rental market value of the property during the time it has been retained, if it has been retained, that would be the amount of damages you would award the plaintiff in your verdict."

In effect, the argument on behalf of the appellants is that the "statute makes a distinction between the rent falling due during the period the premises are unlawfully detained and special damages which might accrue during that period; that, in the present case, the appellants held over for two months after the termination of their tenancy by a notice to quit, entitling the jury to find a verdict for rent due in the sum of $200, the agreement being $100 per month; and that there was no proof introduced tending to show special damages."

The contention misconceives the true situation in important particulars. After November 30, 1923, no rent became due. Rent is an incident of a tenancy, and on that date, as appellants admit or say, the tenancy terminated by the notice to quit that had been given. Thereafter the appellants in holding the premises were trespassers and liable for general damages,

not determinable by the rate theretofore paid as rent, but by the market rental value of the premises during the time of trespass. Under such circumstances one might be also liable for special damages, but in this case none were pleaded and, as appellants say, no such proof was introduced. The allegation and proof were confined to general damages—the market rental value of the premises.

The statute, § 827, Rem. Comp. Stat. [P. C. § 7985], provides that, if upon the trial the verdict of the jury or the finding of the court, as the case may be, is in favor of the plaintiff, "The jury, or the court if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due."

That is, in a case of unlawful detainer, if it be one wherein the tenant continues in possession after default in the payment of rent and after notice in writing requiring in the alternative the payment of rent or the surrender of the premises and the notice is not complied with according to the terms of subd. 3, § 812 of Rem. Comp. Stat. [P. C. § 7970], then the judgment shall be twice the amount of damages thus assessed and of the rent, if any, found due; but, if the case be one wherein the tenancy has been terminated by the giving of the twenty days' notice therefor as provided in subd. 2, § 812 of the code, which is the case in the present instance, then the judgment shall be for twice the amount of the damages. In this view of the law,

the instruction complained of was a correct one under the issues and proof in the case.

Affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.