[No. 24349. Department Two. August 14, 1933.]

ERVEN LYLE, *Respondent*, v. C. C. GINNOLD *et al.*, *Appellants.*[1]

[1]Reported in 24 P. (2d) 449.

*Charles H. Graves* and *Harroun, Maloy & Shidler,* for appellants.

*Spencer Gray* and *Bogle, Bogle & Gates,* for respondent.

BEALS, C. J.—Plaintiff, Erven Lyle, and defendant C. C. Ginnold were friends of long standing, the former being an experienced restaurant operator. During the fall of 1930, plaintiff entered into a written lease covering space in the National Building, Seattle, to be used for restaurant and kindred purposes. The lease was for three years, calling for a monthly rental of seventy-five dollars for the first six months, one hundred fifty dollars for the next year and two hundred dollars for the balance of the term. A two-hundred-dollar deposit, required to secure faithful performance of the lease, was made by plaintiff. Plaintiff commenced to operate a restaurant in the premises, and defendant used a portion thereof for a cigar stand.

During the spring of 1932, plaintiff, contending that defendant was his tenant under a month-to-month tenancy, served upon defendant a notice terminating such tenancy as of June 30th following. Defendant refusing to vacate the premises, plaintiff brought this action against defendant and his wife, seeking restitution thereof. By their answer, defendants denied the material allegations of plaintiff's complaint, and particularly that defendants were plaintiff's tenants. Defendants further alleged that the lease of the entire premises in which plaintiff was named as sole lessee

was by plaintiff, in fact, obtained for the joint benefit of plaintiff and defendants, and that defendants were entitled to maintain possession of the cigar stand during the term of the lease upon payment of one-half of the rentals due thereunder, which sums they had paid up to and including the month of June. Defendants pleaded facts which they contend constitute an equitable estoppel against plaintiff's action.

The case was tried to a jury, which returned a verdict in plaintiff's favor, fixing plaintiff's damages for wrongful detention of the premises in the sum of two hundred dollars, approximately one hundred dollars per month for the period from July 1st to the date of trial. From a judgment entered in plaintiff's favor upon this verdict, defendants appeal.

Appellant C. C. Ginnold will hereinafter be referred to as though he were the sole appellant herein. He assigns error upon certain rulings of the trial court in connection with the admission of evidence, upon the giving of three instructions, upon the refusal to give two instructions requested by appellant, upon the denial of appellant's motion for judgment in his favor notwithstanding the verdict or in the alternative for a new trial, and upon the entry of judgment against him. Appellant also contends that the verdict of the jury is against the law and the great preponderance of the evidence.

It is true that the evidence is in many particulars conflicting, but it can not be held that, as to matters in dispute, the verdict is not supported by competent evidence and should be set aside.

At the conclusion of the testimony, respondent's counsel made this statement:

"At this time let the record show that the plaintiff waives all damages alleged in paragraph 4 of his complaint, with the exception of reasonable rental value

from the period of termination of tenancy to the present time, in the sum of two hundred dollars, which amount the court in his judgment, if the jury finds that amount, should double in accordance with the statute.''

In view of all the evidence, it must be held that the verdict in respondent's favor is within the evidence, and we can not hold, as contended by appellant, that certain of respondent's testimony as to other matters of possible damage must be held to have influenced the verdict. Respondent's waiver of all such items of damage is clear, and by its instructions the trial court told the jury that they could bring in no verdict in plaintiff's favor in excess of two hundred dollars, and the verdict conforms to this instruction.

The question is, then, whether the amount of damages as fixed by the jury is supported by competent evidence as to the fair market rental value of the premises occupied by appellant from July 1, 1932, until September 8 following, the date of the trial. *Owens v. Layton,* 133 Wash. 346, 233 Pac. 645.

Respondent himself testified as to the rental value of the space occupied by appellant, stating that such value was one hundred dollars per month. Appellant objected to this testimony on the ground that it did not appear that respondent was qualified to testify concerning such value. Appellant, while conceding the rule as laid down by this court in the case of *Port Townsend Southern R. Co. v. Nolan,* 48 Wash. 382, 93 Pac. 528, to the effect that the owner of property occupies a different position thereto than does a mere stranger when the question of value is being considered, relies upon the language in that opinion to the effect that the owner ''must in all cases show at least some qualification before testifying to its value.'' Respondent had himself negotiated for the

lease and procured the same, and was personally in possession of the premises, conducting a restaurant thereon.

Under the rule laid down in the case cited, respondent's testimony was competent. He was, of course, an interested party, and the jury could consider his testimony in the light of this fact. Appellant was paying one hundred dollars a month for the privilege of occupying the premises, and testified that he offered to pay one hundred fifty dollars a month as rent therefor. The rule that the owner of premises may testify as to the market value thereof if he is familiar therewith is stated in 22 C. J. 586, § 685. Appellant had the privilege of cross-examining respondent as to his qualifications to testify concerning the value of the use of the premises occupied by appellant, and we find no error in connection with this phase of the case.

In the next place, appellant complains of certain rulings of the trial court in connection with the testimony of one of his expert witnesses as to the reasonable rental value of the premises occupied by appellant. It is true that, in the examination of this witness, the trial court seemed to hold that the income received by appellant should be considered in giving an opinion as to the rental value. The witness, however, did testify as to his opinion concerning the rental value both of the space occupied by appellant and of the entire space covered by the lease, and the jury had the benefit of this testimony. In giving this testimony, it is evident that the witness did not take into consideration the income accruing to appellant from his business. The other of appellant's expert witnesses testified clearly as to his opinion concerning the value of the space occupied by appellant, and in view of the record we can not hold that the rulings of the trial court constitute in this connection reversible error.

Appellant argues that the trial court erred in giving instructions two and four.

■ In its first instruction, the court at considerable length stated the issues, devoting a considerable portion of the instruction to appellant's affirmative defense. In the second instruction, of which appellant complains, the court told the jury that the burden rested on the plaintiff to establish by a fair preponderance of the evidence such of the material allegations of his complaint as were denied by the answer, and that,

"Likewise, the burden is on the defendants to prove, by a fair preponderance of the evidence, the material allegations of their affirmative defense that are denied in the plaintiff's reply."

Appellant excepted to the portion of the instruction quoted, and argues that the same is incomplete, and that, in the absence of an instruction defining the nature of appellant's affirmative defense, the instruction constitutes reversible error.

Careful reading of the first instruction given by the trial court convinces us that the theory of appellant's defense was fully explained to the jury. The court was not required to go further and define the nature of appellant's affirmative defense. The issues were clearly stated, and appellant's contention that the portion of instruction two above quoted constitutes reversible error is not well taken.

■ Appellant next contends that the trial court erred in instructing the jury as follows:

"You are instructed that before a partnership or joint venture can arise between two parties there must be a meeting of the minds between the parties either through a verbal or written agreement and unless a common understanding is reached between them no partnership or joint venture can exist. In determining that question, you are entitled to take into con-

sideration the statements and acts of the parties at all times concerned; the whole of the circumstances surrounding their relations both before and since the partnership or joint venture in the leasehold only is claimed to have been or was made. The burden is upon the defendants to prove, by a fair preponderance of the evidence, the partnership or joint venture in the leasehold relation in this case as alleged in their answer.''

In this connection, appellant argues that his defense was based upon an equitable estoppel, and that he made no claim that any partnership or joint adventure existed.

Appellant also criticizes that portion of the instruction in which the jury were told that, before a partnership or joint adventure could exist, there must be a meeting of the minds of the parties either through a verbal or a written agreement.

As to the theory of appellant's case, appellant on cross-examination testified that, while he was not a partner in respondent's business, he was a partner in the lease, and that he was ''entitled to equal profits to what Mr. Lyle is under the lease.''

Appellant excepted to this instruction for the reason that the same was

'' . . . outside of the issues in this case, it being defendants' contention that no actual partnership or joint venture is claimed by defendants in the plaintiff's restaurant business, their claim being merely confined to a joint tenancy under the lease.''

It is evident that appellant was claiming, as he stated, that he ''was a partner in the lease. That is what I was.''

Under the pleadings and the testimony, in so far as appellant's theory of the case is concerned, the jury could not have been misled by the instruction given, and we find no reversible error therein. While that

portion of the instruction which states that a partnership or joint adventure can arise only through a verbal or a written agreement may be technically erroneous, such error was cured by the latter part of the instruction, in which the jury were told that they could take into consideration the statements and acts of the parties and all of the circumstances surrounding their relations.

In any event, it is appellant's contention that his rights, whatever they may be, are based upon oral agreements and conversations between himself and respondent. Appellant also contends that respondent by his acts is estopped to deny that appellant had an interest in the lease. Under the instructions of the court, the jury could consider all these matters, and it must be assumed that they did so.

Finally, appellant contends that the court erred in refusing to give two instructions which he requested. These instructions are argumentative and involved. The instructions given fairly stated to the jury the questions to be determined and the law applicable thereto. Appellant's assignments of error based upon the refusal of the trial court to give his requested instructions are without merit.

The issues in this case were complicated, and the testimony is in striking conflict. Examination of the record convinces us that the same is free from reversible error, and the judgment appealed from is affirmed.

As proceedings under the judgment appealed from were stayed pending review by this court, the cause is remanded for appropriate action pursuant to Rem. Rev. Stat., § 832 et seq.

BLAKE, MAIN, TOLMAN, and STEINERT, JJ., concur.