44 Wn.2d 183 (1954)
265 P.2d 1051
GEORGE ARNOLD et al., Respondents,
v.
NATIONAL UNION OF MARINE COOKS AND STEWARDS et al., Appellants.[1]
No. 31984.
The Supreme Court of Washington, Department One.
February 2, 1954.
*184 Walthew, Gershon, Oseran & Warner and John Caughlan (Siegfried Hesse, of counsel), for appellants.
Bassett, Geisness & Vance, for respondents.
PER CURIAM:
This is an action for libel, by ninety-five (originally ninety-seven) individuals against the National Union of Marine Cooks and Stewards (hereinafter called the union) and Joseph Harris, its Seattle business agent. The alleged libel was contained in a letter written and signed by Harris and sent by him, as agent of and on behalf of the union, to all branches of the union and to three other unions, the Alaska Fishermen's Union, the Seafarers' International Union, and the National Maritime Union. A copy of the letter appears in Arnold v. National Union of Marine Cooks & Stewards, 36 Wn. (2d) 557, 219 P. (2d) 121 (1950), and it will not be reproduced here. In that opinion, the letter was held to be libelous per se.
The defendants interposed the affirmative defenses of (1) truth and (2) privilege based upon a common interest with the recipients. The case was tried upon the issues thus raised. Harris was not present at the trial, although he had been subpoenaed by the plaintiffs (respondents) and the trial judge expressed the view that he was in contempt of court. The jury brought in a verdict of $5,000 for each of the ninety-five plaintiffs, making a total of $475,000, against both the union and Harris, and from the judgment entered on that verdict, both appealed.
The union's appeal has been dismissed for the contemptuous refusal of the union to comply with a lawful and proper order of the superior court for King county. See Arnold v. National Union of Marine Cooks & Stewards, 42 Wn. (2d) 648, 257 P. (2d) 629 (1953). The circumstances of the contempt are set forth in that opinion. This leaves Joseph Harris as the sole appellant.
At the time of the argument on the motion to dismiss the appeal of the union, respondents' counsel stated in open court *185 that they have no desire to and will not enforce their judgment against Harris. They have since filed and argued a motion in this court asking us to remand the case to the superior court in order that they may have Harris dismissed, he having been a proper but not a necessary party. Harris has opposed the granting of that motion, which would free him from liability on the judgment and would give him all the relief he could possibly hope to secure by virtue of this appeal.
It is apparent to this court that the real party in interest in this appeal is the union, which persists in its contemptuous refusal to obey the lawful order of the superior court for King county. We will, however, proceed to a consideration of this appeal on the merits, notwithstanding our feeling that the union and its agent are thereby getting a consideration to which they are not entitled.
A detailed consideration of the fifty assignments of error would extend this opinion almost interminably. We find no prejudicial error in any of the trial court's rulings on evidentiary questions. Nor do we find prejudicial error in the instructions given, but rather a comprehensive yet concise statement of the law applicable to the case. We find no prejudicial error in the failure of the trial court to give the instructions requested by appellant Harris, since, as we have indicated, the law of the case was fairly and completely presented to the jury by the instructions given. We find no prejudicial comment by the trial court.
The basic questions on this appeal are whether Harris established either of his affirmative defenses, (1) the truth of the statements made concerning the respondents or (2) privilege based upon a common interest.
The jury was instructed that truth is a complete defense and, by bringing in a verdict for the respondents, must have concluded that some or all of the statements about the respondents were not true.
The jury was further instructed concerning the defense that a communication can be privileged even though false, and that
*186 "... privilege attaches to statements and communications made in connection with various organizations, such as labor unions, wherein one union reports to another on the actions and qualifications of its members for employment, or on any disciplinary action which has been legally taken, without liability for any resultant libel, provided that such action is taken fairly and in line of duty and without abuse or ill will, and does not go beyond what the occasion demands."
No exception was taken to this instruction, and it became the law of the case.
[1] The jury was justified in concluding, from all the evidence, that the action of Harris was prompted by ill will. He is reported to have called the respondents "strikebreakers" and "scabs" in a national labor relations board hearing. There was no rebuttal of that testimony. Harris, very significantly, did not appear. (We have examined with some interest the explanation of his absence despite the fact that he had been subpoenaed, and find it far from convincing.)
Speaking of the letter written by Harris which is the basis of this action, this court said: "Although it is not directly suggested that these men [the respondents here] be denied employment, the implication is clear." Arnold v. National Union of Marine Cooks & Stewards, 36 Wn. (2d) 557, 562.
The national labor relations board had no difficulty in concluding that this letter was a blacklist, intended to deprive the respondents of employment. In re Pacific American Shipowners Ass'n, 29 L.R.R.M. 1376.
Harris offered no testimony as to his good faith or to rebut the almost conclusive inference of his ill will or malice toward these respondents in the circulation of the libelous letter. The defense called only two witnesses, the first to impeach a witness called by the plaintiffs, the other to establish that one of the plaintiffs was dead. We are satisfied that the defense of truth was not established as a matter of law. The jury unquestionably and justifiably must have found that "ill will," as referred to in the quoted instruction, was so abundantly established as to appellant Harris that his defense of privilege failed.
*187 [2] Appellant Harris urges that fifty-nine of the respondents did not testify, and hence there can be no more than nominal damages so far as they are concerned. Such is not the law, although the language of some of our earlier cases gives some support to the appellant's contention. However, we correctly stated the rule as to damages in such cases in Cyclohomo Amusement Co. v. Hayward-Larkin Co., 93 Wash. 367, 160 Pac. 1051 (1916), i.e., if the publication is libelous per se, the plaintiff is not required to produce evidence of actual damage to entitle him to substantial damages, because under such circumstances the law presumes damage.
Judge L.B. Schwellenbach gave a very able analysis of the law of libel in this state in his opinion in Holden v. American News Co., 52 F. Supp. 24, 36 (1943), in which he quoted Newell on Libel and Slander (3d ed.) § 995 as follows:
"`Where no evidence is offered as to damages, the jury are in no way bound to give nominal damages only; they may read the libel and give such substantial damages as will compensate the plaintiff for such defamation.'"
In McCormick on Damages 423, § 116, it is said:
"But in cases where `special damage' need not be pleaded (cases of libel and of slander actionable `per se'), the plaintiff is relieved from the necessity of producing any proof whatsoever that he has been injured. From the fact of the publication of the defamatory matter by the defendant, damage to the plaintiff is said to be `presumed,' and the jury, without any further data, is at liberty to assess substantial damages, upon the assumption that the plaintiff's reputation has been injured and his feelings wounded."
See, also, Walsh v. Trenton Times, 124 N.J.L. 23, 10 A. (2d) 740 (1940); Restatement of the Law of Torts, § 621, comment a.
The letter written and published by appellant Harris having been libelous per se, and the jury having decided that he had not established a defense of either truth or privilege, all of the respondents were entitled to recover substantial damages even though they did not testify.
*188 [3] Appellant Harris, who did not offer himself as a witness and was not present at the trial, also complains that by their failure to testify, fifty-nine of the respondents were not identified, and the jury could not tell what their reputations were and hence had no guide in assessing damages.
The law presumes the reputation and character of a plaintiff in an action for libel to be good, and it is not necessary for him to adduce evidence in support thereof. Luna v. Seattle Times Co., 186 Wash. 618, 627, 59 P. (2d) 753, 105 A.L.R. 932 (1936). Appellant Harris did not offer, as he might have done in mitigation of damages, any evidence he might have had which was derogatory to the reputation and character of any of the respondents who did not testify.
[4, 5] Appellant Harris also urges that the damages are excessive. We have already held that the respondents were entitled to substantial damages. We think the damages were liberal, but we cannot say that they were excessive. We are frequently admonished that "a good name is rather to be chosen than great riches." The libeled party whose "good name" has been attacked is entitled to recover those damages which the law presumes must naturally, proximately, and necessarily result from the publication of the libelous matter. It has been said:
"The injuries for which this class of damages is allowed are something more than merely speculative. While not susceptible of being accurately measured in dollars and cents, they are real injuries, and often more substantial and real than those designated as actual, and measured accurately by the dollar standard." Hanson v. Krehbiel, 68 Kan. 670, 673, 75 Pac. 1041, 64 L.R.A. 790, 104 Am. St. 422 (1904).
See, also, Walsh v. Trenton Times, supra; 33 Am. Jur. 189, Libel and Slander, § 200.
We find insufficient merit in the assignments of error not here discussed to justify further comment. The judgment is affirmed.
NOTES
[1] Reported in 265 P. (2d) 1051.