ERSHIG SHEET METAL, INC., *Appellant*, v. GENERAL INSURANCE COMPANY OF AMERICA *et al., Respondents.*\*

*Abbott, Lant & Fleeson,* for appellant.

*Livesey, Kingsbury & Livesey,* by *George Livesey, Jr.,* for respondents.

HUNTER, J.—This appeal arose from an action to recover for labor performed by the plaintiff (appellant), Ershig Sheet Metal, Inc., under an alleged oral contract with the defendants (respondents), General Insurance Company of America, Daw Insurance Agency, Inc., Merle Daw, and William Brunhaver and his wife, employee and manager, respectively, of the Daw Insurance Agency and alleged agents of the General Insurance Company of America.

\* Reported in 383 P. (2d) 291.

The plaintiff, which is engaged in the manufacturing of plastic piping reinforced with fiber glass, delivered a substantial quantity of this piping to the Puget Sound Pulp & Timber Company where it was installed in their Bellingham pulp plant. Shortly after being installed, the connections between the piping and the flanges, which joined the sections of piping, began to separate at points of high pressure or intense vibration. This resulted in the interruption of the plant's operations with a potential loss of $3,000 for every hour of inoperation.

Upon notice of the difficulty, Mr. Pierson, president of the plaintiff company, immediately contacted by telephone Mr. William Brunhaver, manager of the Daw Insurance Agency through which the plaintiff had purchased a policy of liability insurance with the General Insurance Company of America. According to Mr. Pierson's version of the conversation, Brunhaver told him, in response to his inquiry as to whether the plaintiff was covered for repairs, under the policy, that it was covered and should proceed with the repairs in order to prevent a potential liability for defective materials, as covered under the plaintiff's policy, which might result from an interruption of the pulp plant's operation. Although it was denied, Pierson also testified he had a similar conversation on the same day with Merle Daw. Pierson further testified that, in his conversations, Brunhaver and Daw authorized the repairs and that, in reliance thereon, the plaintiff performed an extensive repair job on the piping which took approximately six weeks and which cost $7,800.70 for the labor involved.

It is undisputed that the insurance policy did not include coverage for the cost of the repairs to the piping and that neither the Daw Insurance Agency, Brunhaver, its manager, nor Daw had any authority to bind the General Insurance Company of America.

At the conclusion of the trial, the court dismissed the Daw Insurance Agency and the individual defendants and granted judgment against the General Insurance Company

for one half the cost of the repairs on the theory that repairs to that extent had been authorized by one Jack Laing, an adjuster for the General Insurance Company of America. Later, the trial court granted the General Insurance Company's motion for a new trial on the ground of newly discovered evidence.

The plaintiff appeals from the judgment dismissing the Daw Insurance Agency and the individual defendants from the action.

The plaintiff assigns error to paragraphs Nos. V and VI of the trial court's findings of fact and to its first four conclusions of law on the ground that they are not supported by the evidence.

■ An examination of the plaintiff's brief discloses that the findings of fact, to which exceptions have been taken, have not been set out verbatim as required by Rule on Appeal 42(a), RCW Vol. 0. The findings, therefore, are accepted by this court as verities and become the established facts of the case. *Timm v. Gilliland,* 53 Wn. (2d) 432, 334 P. (2d) 539 (1959); *Hinz v. Lieser,* 52 Wn. (2d) 205, 324 P. (2d) 829 (1958).

By its finding of fact No. V, the trial court found, *inter alia:*

" . . .

"None of the defendants, Merle Daw, William Brunhaver or Daw Insurance Agency, Inc., were agents of the defendant, General Insurance Company of America, and none of them had any authority to bind it as to coverage under the said policy of insurance or to obligate it for the cost of the repairs to said pipe.

"That thereafter, on the same day or the following day, the said Charles Pierson was contacted by Jack Laing, who was known to Charles Pierson as a claims representative and adjuster for the defendant General Insurance Company of America. That at this conversation was discussed the repairing and reinforcing of all of the joints in the entire line. That at this time the said Jack Laing stated to the said Charles Pierson that he was doubtful as to the coverage under the insurance policy for the actual repairs and reinforcement of the pipe that had been manufactured by plaintiff. That thereafter said Charles Pierson made no

further inquiry as to the authority of the Daw Insurance Agency or the authority of its agent, William Brunhaver to make representations as to the coverage under the policy and did not rely upon any representation of William Brunhaver as far as Charles Pierson's future conduct was concerned in proceeding with the repairs to the entire pipe line."

The question remains then whether this finding supports the trial court's conclusions of law that the Daw Insurance Agency and the individual defendants should be dismissed from the action.

 The plaintiff can recover from these defendants only under the rule as set forth in Restatement, Agency (2d) § 329:

"A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty *or the other party knows that the agent is not so authorized.*" (Italics ours.)

Manifestly, under this rule, there must be a reliance upon the agent's apparent authority to make the contract. Clearly from the findings, Mr. Pierson was not entitled to rely on Brunhaver's representation that he had the authority to bind the General Insurance Company. Although Pierson's conversation with Merle Daw is not specifically mentioned in the above findings, it is clear from reading the court's memorandum opinion, which we may do for the purpose of clarifying the findings (*Rutter v. Rutter,* 59 Wn. (2d) 781, 370 P. (2d) 862 (1962)), that Pierson was not entitled to rely on Merle Daw's representations for the same reason he was not entitled to rely on the representations of Brunhaver.

"[That the Daw Insurance Agency cannot be held liable] stems from the fact that Mr. Pierson of the plaintiff company indicated that he was aware of Mr. Laing's capacity with General Insurance Company and he knew that Mr. Laing was the adjuster for that company. . . . With this knowledge as to Mr. Laing's capacity to deal with the

plaintiff as the adjuster for General Insurance Company should have put Mr. Pierson on notice as to the questionable authority of the Daw Insurance Agency, Inc., to make any valid representations as to coverage of the policy. *Thereafter Mr. Pierson made no further inquiry as to the authority of its agents, Mr. Brunhaver or Mr. Daw. Hence plaintiff can not rely upon their representations after the 11th day of November, 1960.*" (Italics ours.)

Having been aware of Mr. Laing's capacity and thereby precluded from reliance on any purported authority of Daw or Brunhaver, the plaintiff cannot hold the Daw Insurance Agency or the individual defendants liable. The trial court, therefore, properly concluded that these defendants should be dismissed from this action.

■ The plaintiff also assigns error to the trial court's denial of the plaintiff's offer to introduce evidence of an agreement by the defendant, Brunhaver, to compromise the plaintiff's claim for $5,000. The trial court found that, inasmuch as the plaintiff did not offer the evidence for the purpose of recovering the $5,000 agreed to by the compromise settlement, the evidence was inadmissible. The plaintiff contends, however, that a completed compromise, unlike an offer to compromise, is admissible in evidence as an admission against the defendant's interest, *i.e.*, an admission of liability. We see no reason to distinguish between an offer to compromise and a completed compromise in determining whether proffered evidence is admissible on the basis that it is an admission of liability.

We said in *Berliner v. Greenberg*, 37 Wn. (2d) 308, 223 P. (2d) 598 (1950):

"It is true that attempts by parties to adjust their differences are recognized by courts as praiseworthy endeavors to avoid litigation, and that admissions or failure to controvert matters in dispute cannot later be used against a party, if the effort to compromise is unsuccessful. An exception to the above rule was recognized by this court in the case of *Ingraham v. Associated Oil Co.*, 166 Wash. 305, 313, 6 P. (2d) 645, where we said:

" 'Where, however, *distinct facts* are admitted during the progress of the negotiations, they are regarded as *state-*

*ments of independent facts* and are admissible against the party making them.' " (Italics ours.)

The plaintiff contends that the mere fact that a compromise settlement was agreed upon is an admission of liability by Brunhaver. The fact that Brunhaver agreed to a settlement, however, does not bring the plaintiff's offer of proof within the exception to the rule as set forth in the *Berliner* case. The plaintiff offered no statement by Brunhaver of a distinct independent fact, *i.e.*, an express admission of liability. The ruling of the trial court was therefore correct.

The judgment of the trial court dismissing the defendants Daw Insurance Agency, Inc., Merle Daw, and William Brunhaver and Peggy Brunhaver, his wife, is affirmed.

OTT, C. J., HILL, and HALE, JJ., and DAWSON, J. Pro Tem., concur.