[No. 1335-3.    Division Three.    July 14, 1976.]

MILTON EUGENE ROPER, ET AL, *Respondents*, v. LAWRENCE E. MABRY, ET AL, *Appellants*.

*John A. Wilkins* and *Horton, Wilkins & Faurholt,* for appellants.

*Rembert Ryals* and *Critchlow, Williams, Ryals & Schuster,* for respondents.

GREEN, J.—Plaintiffs Roper brought this action for slander based on incriminating statements made by defendant Lawrence Mabry. Defendants appeal from a jury verdict awarding damages for slander.

Defendants contend the trial court erred in (1) refusing to admit all of the findings of fact from a *prior* civil action; (2) giving and refusing to give certain instructions; and (3) admitting an offer of settlement made by plaintiffs to defendants prior to the previous civil action. We disagree and affirm.

In March 1971, Mr. Roper and Mr. Mabry formed a corporation for the purpose of building and selling houses. During this business enterprise, misuse of corporate funds occurred which culminated in a prior civil judgment against Mr. Roper. In that action, the court found that Mr. Roper had wrongfully taken money, breached his fiduciary duty, and committed fraud as to the corporation. Later, Mr. Mabry made statements to others that Mr. Roper was a "thief" and "stole" and "embezzled" corporate money, thus giving rise to the present action for slander.

First, defendants contend the court erred in refusing to admit the italicized portions of the following findings of fact entered in the prior civil action.[1]

## XI.

The plaintiff corporation's credit was being used to finance the private homes of defendant Milton Eugene

[1] The remaining portions of these findings together with all of the other findings of fact from the prior civil action were admitted without change by the trial court. Only the deletions in findings Nos. XI and XIV are challenged.

Roper, and at the time of the diversion of corporate funds, Milton Eugene Roper knew that it was money that was borrowed against the first job of plaintiff. *Actions of defendant Milton Eugene Roper in taking these funds and diverting them to his own personal use breached the fiduciary duty he owed to the plaintiff, and constitutes fraud as to the Corporation.*

. . .

### XIV.

That the total sums *wrongfully* taken from the Corporation by defendant, giving credit back and forth, since he paid certain corporate bills from his personal account, amounts to the sum of $12,966.66 as itemized in Exhibit "A" of the Complaint.

(Italics ours.) Defendants argue that the italicized portions of the findings should have been admitted by virtue of the doctrines of res judicata and collateral estoppel and for impeachment purposes and mitigation of damages. We disagree.

Res judicata bars relitigation of the *same cause of action* between the same parties where there is a prior judgment; whereas, collateral estoppel bars relitigation on a *particular issue or determinative fact.*

(Italics ours.) *Lucas v. Velikanje,* 2 Wn. App. 888, 893, 471 P.2d 103 (1970). Here, res judicata does not require admission of the italicized portions of findings, since the cause of action for slander is not the same as the prior cause of action for breach of fiduciary duty and civil fraud.

[2] The requisites for application of collateral estoppel were set out in *Lucas v. Velikanje, supra* at 894, as follows:

Before the doctrine of collateral estoppel can be applied, affirmative answers must be given to the following questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

In the present case, an affirmative answer cannot be given to the first question and, therefore, collateral estoppel does not allow admission of the italicized findings. We agree with the trial court that the italicized findings of "fraud" and "wrongful" in the civil sense are not conclusive on the issue of whether Mr. Roper committed a criminal act,[2] the substance of the slanderous statements. The elements, proof, and nature of civil fraud for breach of a fiduciary duty are not identical to those of larceny, theft, or embezzlement. *See State v. Hodge*, 11 Wn. App. 323, 325, 523 P.2d 953 (1974); *Moon v. Phipps*, 67 Wn.2d 948, 411 P.2d 157 (1966). Thus, the issues decided in the prior action are not identical to those in the present action. Moreover, as the trial court determined, the italicized findings would mislead the jury, confuse the issues, and work an injustice to the plaintiff and, thus, an affirmative answer cannot be given to the fourth question. Consequently, the requisites for application of collateral estoppel have not been met.

It is further argued that the italicized findings are admissible for impeachment purposes. However, the trial court had previously determined that substantial prejudice and confusion of the issues would arise from admission of the italicized portions of the findings. Where the evidence is technically admissible for the limited purpose of impeachment, it may be used if proper instructions are given to guard against improper use by the jury. However, in situations where there is danger of jury misuse which cannot be eradicated by proper instructions, the trial court has the power to exclude the evidence altogether. C. McCormick, *Handbook of the Law of Evidence* § 59, at 136 (1954). The trial judge has considerable latitude in ruling on the propriety of interrogation and the admissibility of evidence, particularly during cross-examination for impeachment purposes. *Good v. West Seattle Gen. Hosp. Corp.*, 53 Wn.2d

---

[2] A finding of *civil fraud* cannot be conclusive to prove the truth of the *incriminating* slanderous statements by application of collateral estoppel, as the crime of theft requires a different burden of proof than civil fraud. *See Beckett v. Department of Social & Health Servs.*, 87 Wn.2d 184, 186, 550 P.2d 529 (1976).

617, 623, 335 P.2d 590 (1959). We find the trial court did not abuse its discretion in refusing to allow the use of the italicized findings for impeachment purposes. Moreover, the trial court instructed the jury that all of the findings from the prior action, absent the italicized portions, must be considered "as true, even though witnesses may have testified differently." It was then incumbent on the jury to weigh the credibility of the plaintiff in light of this instruction.

■ Defendants further submit that the italicized findings are admissible to diminish the character and reputation of the plaintiff in mitigation of damages. As a general rule, in a defamation action, the defendant may offer evidence that a plaintiff's reputation is already bad, in spite of the alleged defamation, in order to mitigate damages. *Arnold v. National Union of Marine Cooks & Stewards*, 44 Wn.2d 183, 265 P.2d 1051 (1954). However, a finding of "fraud" by a trial court in a previous civil action does not prove that plaintiff's reputation is bad. Here, defendants have not been denied the opportunity to offer testimonial proof that plaintiff's reputation in the community is bad in order to mitigate damages. *State v. Swenson*, 62 Wn.2d 259, 382 P.2d 614 (1963). We find no error.

Second, defendants assign error to several of the instructions given and refused. It is first contended that proposed instructions on the definitions and duties of a fiduciary should have been given. We disagree. During trial, the court properly deleted all references to a fiduciary in the findings admitted from the prior action. This proper deletion precluded the proposed instruction. In addition, the defense to this defamation action is proof of the truth of the statements that Mr. Roper is a "thief" or "embezzler", and not proof that he breached a fiduciary duty.

■ Defendants next argue that the court erred in refusing to give proposed instructions on the definitions of "thief", "steal", and "embezzle". We disagree. It is for the jury to determine whether the words used by the defendant are defamatory in their ordinary meaning. This de-

pends upon how the words would ordinarily be understood by persons hearing them. *Amsbury v. Cowles Publishing Co.*, 76 Wn.2d 733, 738, 458 P.2d 882 (1969). Here, the words used are in common usage and any juror would be aware of their ordinary meaning. Thus, the proposed definitions are not proper or necessary and the refusal to give the instruction was not error.

■ Further, defendants contend the court erred in giving instructions Nos. 9[3] and 14[4] which state the presumption of law as to the plaintiff's good reputation, and argue that the presumption is not evidence and its efficacy is lost when the opposite party introduces prima facie evidence to the contrary. We note that in a slander action, the law presumes the reputation and character of the plaintiff to be good; and the jury is to be apprised of the presumption because the plaintiff is not required to prove his good character. *Luna v. Seattle Times Co.*, 186 Wash. 618, 59 P.2d 753, 105 A.L.R. 932 (1936). Some evidence offered by the opposite party which would tend to rebut the presumption

> does not require the court to hold, as a matter of law, that the presumption has been rebutted. The quantum and quality of proof sufficient to rebut a presumption differs widely in different classes of cases.

*Luna v. Seattle Times Co., supra* at 627. Where the evidence is of such a nature that the trial court cannot rule the presumption rebutted, it is properly left to the jury. Testimonial opinion or hearsay evidence that a plaintiff's reputation is bad does not necessarily require a ruling by

---

[3] "As a matter of law an allegation that an individual has wrongfully taken money of another comes within the foregoing definition of slander per se, unless it is true.

"The law presumes that defamatory statements that are slander per se are false."

[4] "In a slander case the law presumes the reputation and character of a plaintiff in such an action to be good, and it is not necessary for him to adduce evidence in support thereof.

"The slandered party whose good name has been attacked is entitled to recover those damages which the law presumes must naturally, proximately, and necessarily result from the publication of the slanderous matter."

the court that the presumption has been rebutted. Here, no evidence was offered to show the nature of plaintiff's reputation and character in the community. In such situation, the presumption was not rebutted and, therefore, the instruction was proper.

Defendants further object to instruction No. 9, contending it is repetitive of instruction No. 8.[5] We disagree. Instruction No. 8 defines a defamatory statement; whereas, instruction No. 9 sets forth the presumption of law while expanding upon that definition.

> The trial court has broad discretion to determine how many instructions are necessary to fairly present each litigant's theories of the case. . . . Where the instructions so repetitiously cover a point of law as to generate a gross overweighting in favor of one party, then the other party has been denied a fair trial. *Samuelson v. Freeman*, 75 Wn.2d 894, 454 P.2d 406 (1969).

*Hinkel v. Weyerhaeuser Co.*, 6 Wn. App. 548, 553, 494 P.2d 1008 (1972). We find that the instructions are not so grossly repetitious and overlapping as to have denied defendants a fair trial.

Finally, defendants contend that admission of exhibit 35, an "offer of settlement" made during negotiations in the prior civil action, was in error. We disagree. The reason for excluding offers of settlement is to encourage pretrial negotiations and out-of-court settlements. Therefore, the rule of evidence excludes admissions or failures to controvert matters in dispute set forth in the offer from being asserted against a party where the compromise is unsuccessful. *Ershig Sheet Metal, Inc. v. General Ins. Co. of America*, 62 Wn.2d 402, 383 P.2d 291 (1963). In the present case, the offer of settlement was *not* introduced to prove liability of the defendants for slander, nor were admissions

---

[5] "A defamatory statement is slanderous per se (which means it is actionable without proof of special damages) if it tends to expose a living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse. The imputation of a criminal offense involving moral turpitude is slander per se in this sense."

or omissions of defendants contained in such offer.[6] Consequently, the policy reasons behind excluding offers of settlement as evidence are not present in this action. We find no error.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied August 25, 1976.

Review denied by Supreme Court January 25, 1977.

[6]The settlement or compromise letter was addressed to Mr. Mabry from Mr. Roper, setting forth the amount Mr. Roper conceded he owed the corporation. That amount approximated the judgment in the prior civil action. The proposed settlement was offered in the present action to show that Mr. Roper attempted to settle his debts shortly after he resigned from the corporation.