[No. 8670-7-I. Division One. December 28, 1981.]

FRANK LENCI, ET AL, *Respondents,* v. GEORGE OWNER, ET AL, *Appellants.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.,* and *Terence P. Lukens,* for appellants.

*Eldon Anderson,* for respondents.

RINGOLD, A.C.J.—Defendants George and Sally Owner (Owner), appeal from a judgment entered in favor of plaintiffs Frank and Ruth Lenci (Lenci). We hold that the trial court did not err in its findings of fact and conclusions of law, and affirm the judgment.

In December 1976, Owner leased real property from Lenci for a 3–year term beginning January 1, 1977. The lease provided:

> Lessee shall have the right of extending this lease for a term of an additional three years at the same terms and conditions provided that lessee shall have fulfilled completely and timely all of the terms and conditions of this lease.

Over the term of the lease the rent, due on the first day of the month, was paid an average of 48 days late each month. On five separate occasions Lenci served Owner with a notice to pay rent or vacate, citing failure to pay rent, taxes, and insurance premiums required by the lease. On October 25, 1979, Owner gave notice of intent to renew the lease for another 3–year term to begin January 1, 1980.

Lenci refused to renew because Owner had not "fulfilled completely and timely" the terms and conditions of the lease, and gave Owner notice to quit the premises by December 31, 1979. Owner failed to do so.

Lenci brought an unlawful detainer action against Owner on January 18, 1980. Owner filed no responsive pleadings, and Lenci moved for summary judgment on the issue of possession. The motion was granted based on the complaint and affidavits submitted by both sides. Owner timely moved for reconsideration of the summary judgment. Following trial on the issue of damages, judgment was entered affirming the summary judgment and awarding damages to Lenci in the amount of double the fair market rental, attorney fees, and costs.

### WAIVER OF CONDITION TO OPTION OF RENEWAL

Owner does not contend that he "fulfilled timely and completely all the terms and conditions of this lease," and the evidence clearly shows that he did not. Owner argues, relying on *Henry v. Bruhn & Henry, Inc.,* 114 Wash. 180, 195 P. 20 (1921), that Lenci waived the renewal conditions by accepting late payments. In *Henry,* however, the renewal option was not expressly conditioned on strict performance, as it is here; the court declared

> [T]he lease should be construed in such way that the right of the lessee to a renewal was independent of the covenants to pay rent; the rule in such cases being that:
> "Where the payment of rent is not expressly declared to be a condition precedent to the exercise of a privilege to have a renewal, the fact that the lessee is in arrears for rent when he elects to take a renewal taken alone does not deprive him of his right to a renewal." 2 Underhill, Landlord and Tenant, p. 1386, § 812.

*Henry,* at 184.

Waiver is essentially a question of intent, express or implied. *Birkeland v. Corbett,* 51 Wn.2d 554, 320 P.2d 635 (1958), *Reynolds Metals Co. v. Electric Smith Constr. & Equip. Co.,* 4 Wn. App. 695, 483 P.2d 880 (1971). Owner urges that Lenci evinced an intent to waive the express

renewal condition, inferable solely from Lenci's acceptance of late rent payments. This argument fails to take into account the independent nature of the renewal condition.

We believe that *Hindquarter Corp. v. Property Dev. Corp.,* 95 Wn.2d 809, 631 P.2d 923 (1981), is controlling. A lessor who fails to utilize the statutory notice and reentry procedures against a delinquent lessee has not manifested intent to waive the right to refuse renewal of the lease in the future; the lessor's right to declare a forfeiture of the lease and the right to refuse renewal are separate and distinct. *Hindquarter,* at 811.

Lenci's acceptance of late rent payments made by Owner did not constitute a waiver of the renewal condition. Owner failed to come forward with any evidence which would raise a genuine issue of material fact tending to establish his right to renewal.

### EQUITABLE RELIEF

Neither is Owner entitled to equitable relief, on the facts before the court. He cites no special circumstances such as permanent improvements to the property to justify the application of equitable principles. *See Wharf Restaurant, Inc. v. Port of Seattle,* 24 Wn. App. 601, 605 P.2d 334 (1979). Owner consistently paid his rent late, and failed to make timely insurance and tax payments as required by the lease. We agree with the trial court, the equities are on the side of the landlord.

### MEASURE OF DAMAGES

Owner next contends that the trial court used an improper measure of damages. He argues that the damages should be based on the monthly rent which would have been in effect if the lease had been renewed, rather than on the fair rental value of the premises. The case law, however, is to the contrary. The amount of damages occasioned by an unlawful detainer and holding over is based upon the fair value of the use of the premises rather than the amount of rent agreed upon by the parties under a lease no longer in effect. *Owens v. Layton,* 133 Wash. 346, 233 P. 645

(1925); *Lyle v. Ginnold,* 174 Wash. 104, 24 P.2d 449 (1933). The testimony of the lessor's expert witness as to the reasonable rent was uncontroverted, and was the basis for the trial court's determination of damages. We find substantial evidence supporting the trial court's finding of fair rental value.

### ATTORNEY'S FEES

Owner finally contends that Lenci is not entitled to attorney's fees. The lease provides, in pertinent part:

> [I]n case Lessor shall bring suit . . . to recover possession of the leased premises . . . and Lessor shall prevail in such action, then . . . Lessee shall pay Lessor a reasonable attorney's fee and all costs and expenses expended or incurred by the Lessor in connection with such . . . action.

The judgment of liability and damages, including attorney's fees and costs, was not in error, and is affirmed. We award Lenci the sum of $4,000 as attorney's fees on appeal pursuant to RAP 18.1.

ANDERSEN and DURHAM, JJ., concur.

Reconsideration denied February 10, 1982.

Review denied by Supreme Court April 28, 1982.