[No. 5665-1-III.  Division Three.  April 24, 1984.]

ROBERT L. MEAD, ET AL, *Respondents,* v. PARK PLACE PROPERTIES, ET AL, *Appellants.*

*F. Steven Lathrop,* for appellants.

*Jay R. Inslee* and *Peters, Schmalz, Leadon & Fowler,* for respondents.

THOMPSON, J.—Park Place appeals the trial court's granting of Mead's motion for summary judgment dismissing Park Place's counterclaims.

Park Place Properties (Park Place) leased part of a shopping center to Robert Mead and Mead's Foods of Selah, Inc. (Mead). The lease included a paragraph entitled "Parking and Rights of Way", which provided the maintenance of the parking area would be borne equally by the parties; another provision required each party to pay one–half of the expenses for common use area repairs and upkeep. In 1980, Park Place entered into an $82,792.50 contract with Superior Asphalt to work on the parking lot. The contract included removal of the existing pavement, excavation, and the installation of crushed gravel overlaid with asphalt. A dispute arose as to the obligation of each party to pay the cost of the work.

In February 1981, Mead brought an action against Park Place for breach of leasehold obligations and general trespass. In March, Park Place answered and counterclaimed for damages for failure (1) to keep premises in good repair; (2) to pay one–half the cost of the parking lot repair; (3) to pay one–half of required maintenance (of common areas); (4) to pay one–half the cost of certain insurance; and (5) to hold landlords harmless. At the same time, Park Place brought a separate action for unlawful detainer based on

RCW 59.12.030(4).[1] Mead's motion for consolidation was denied.

The unlawful detainer action, tried to a jury, resulted in a verdict in favor of Mead. Park Place appealed and this court affirmed. *Park Place Properties v. Mead,* 34 Wn. App. 1029 (1983) (unpublished opinion). Thereafter, Mead sought to have the Park Place counterclaims dismissed relying on the doctrines of res judicata and collateral estoppel. Mead's motion was granted and Park Place appeals. We reverse in part.

The doctrines of res judicata and collateral estoppel seek to prevent multiple litigation of the same issues. For res judicata to apply,

> [t]here must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.

*Mellor v. Chamberlin,* 100 Wn.2d 643, 645, 673 P.2d 610 (1983). Collateral estoppel differs slightly; it prevents a second litigation of issues even if presented in a different claim or cause of action. *Rains v. State,* 100 Wn.2d 660, 674 P.2d 165 (1983). In addition:

> Before the doctrine of collateral estoppel can be applied, affirmative answers must be given to the following questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

---

[1] RCW 59.12.030(4):

"A tenant of real property for a term less than life is guilty of unlawful detainer either: . . .

"(4) When he continues in possession in person or by subtenant after a neglect or failure to keep or perform any other condition or covenant of the lease or agreement under which the property is held, including any covenant not to assign or sublet, than one for the payment of rent, and after notice in writing requiring in the alternative the performance of such condition or covenant or the surrender of the property, served (in manner in RCW 59.12.040 provided) upon him . . ."

*Lucas v. Velikanje,* 2 Wn. App. 888, 894, 471 P.2d 103 (1970), *cited with approval in Rains v. State, supra* at 665.

Park Place's unlawful detainer action was based on breach of three of the five items included in its counterclaims. Nevertheless, Park Place contends the damage issue was not and could not have been litigated in the unlawful detainer action. In fact, a motion was made by Mead to consolidate the two cases and try them together. The trial court denied the motion.

An unlawful detainer action is a special proceeding and "the superior court's jurisdiction in such action is limited to the primary issue of the right of possession, plus incidental issues such as restitution and rent, or *damages.*" (Italics ours.) *Phillips v. Hardwick,* 29 Wn. App. 382, 386, 628 P.2d 506 (1981); *see also Kessler v. Nielsen,* 3 Wn. App. 120, 472 P.2d 616 (1970); RCW 59.12.170.[2] Here, had the jury determined Park Place was entitled to possession, it would have been proper to award damages incident to the right of possession. *See Lenci v. Owner,* 30 Wn. App. 800, 638 P.2d 598 (1981); *cf. MacRae v. Way,* 64 Wn.2d 544, 392 P.2d 827 (1964); *Lees v. Wardall,* 16 Wn. App. 233, 554 P.2d 1076 (1976); *Kessler v. Nielsen, supra.* (In these three cases, plaintiff lost the right to claim damages when plaintiff transferred the right to possession to a third party.) However, the jury found Park Place was not entitled to posses-

---

[2]RCW 59.12.170 (in part):

"Judgment—Execution. If upon the trial the verdict of the jury or, if the case be tried without a jury, the finding of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises; and if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of a lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of the lease, agreement or tenancy. The jury, or the court, if the proceedings be tried without a jury, *shall also assess the damages* occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and, if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due." (Italics ours.)

sion. Therefore, the issue of damages as that word is used in the unlawful detainer statute was not and could not be reached.

Mead argues the jury's verdict, by necessity, resolved the damage issues adversely to Park Place. We disagree; it is impossible to determine the basis for the decision. True, the jury may have found Park Place failed to prove its case, Mead did not breach the lease, and Park Place was not entitled to damages. On the other hand, the jury may have found Mead proved one of its defenses: (1) compromise agreement, (2) laches, or (3) waiver. Or, as Mead contended, the jury may have found the notice of termination was inadequate under the statute. Thus, the jury may have believed there was a breach but that Park Place was not entitled to possession. We cannot say the jury's verdict in the unlawful detainer action necessarily decided the damage issues adversely to Park Place.

As noted above, res judicata requires concurrence of four elements. Here, there was identity of (1) subject matter, (2) parties, and (3) quality of the parties. However, since the unlawful detainer action was limited to the issue of possession, there was no identity of cause of action.

Nor does collateral estoppel bar the damage claims. Collateral estoppel requires a prior determination of an issue on its merits. The doctrine will preclude relitigating only those issues which have actually been tried and determined. If there is ambiguity or indefiniteness in a verdict or judgment, collateral estoppel will not be applied as to that issue. *See* 2 L. Orland, Wash. Prac., *Trial Practice* § 368, at 411–12 (3d ed. 1972); *Bradley v. State,* 73 Wn.2d 914, 442 P.2d 1009 (1968). If there is uncertainty whether a matter was previously litigated, collateral estoppel is inappropriate. *Davis v. Nielson,* 9 Wn. App. 864, 515 P.2d 995 (1973). For collateral estoppel to be available as a bar to the subsequent action, it must be clear the same issues were litigated in the prior action. *Roper v. Mabry,* 15 Wn. App. 819, 551 P.2d 1381 (1976). Thus, the trial court erred when it granted summary judgment on the basis of res judicata and

collateral estoppel.

Mead argues the court could have granted summary judgment based on *Washington Hydroculture, Inc. v. Payne,* 96 Wn.2d 322, 635 P.2d 138 (1981). Although the trial court did not reach this issue, we will address Mead's argument since this case has been remanded for trial. *See Glover v. Tacoma Gen. Hosp.,* 98 Wn.2d 708, 658 P.2d 1230 (1983). *Washington Hydroculture* changed the long established common law rule that a lessee's unconditional or unqualified covenant to maintain and keep leased premises in good repair or in as good a condition as that existing at the time specified in the lease, and to return the premises at the expiration or termination of the lease in such equivalent condition, unconditionally obligates the lessee to rebuild in the event the leased buildings are destroyed by fire or other casualty during the lease term. The court in the instant case would not grant summary judgment for the landlord since no inquiry had been made into fault or intent at the time the lease was executed, and no express language in the lease required rebuilding.

First, the *Hydroculture* decision does not mandate a summary judgment for a tenant; it finds only that a landlord is not necessarily entitled to one. Second, that case assumed fault was not in dispute. Here, fault is in dispute. Third, unlike Hydroculture's lease, the provisions of the present lease raise issues of construction, interpretation and fact. Although the work on the parking lot was substantial, it could be considered maintenance rather than rebuilding. Finally, without a trial, the issue of the parties' intent remains unresolved. Thus, a summary judgment based on *Washington Hydroculture* would have been improper.

Mead also contends the counterclaim which alleges breach of the indemnification clause is groundless. We agree. Park Place's counterclaim relies on the premise that Mead violated the indemnification clause by bringing this action. The language of the clause provides for indemnification. It does not directly, or by inference, prohibit a suit by the tenant against the landlord for alleged breach of the

lease and interference with the use of the leased premises. Summary judgment for the tenants on this counterclaim was proper.

Finally, both sides request attorney fees under the terms of the lease. Park Place has substantially prevailed on this appeal. The question of attorney fees on appeal will be decided by the superior court after trial on all the issues. *See* RAP 18.1(e).

The trial court is affirmed in part and reversed in part. We remand for further proceedings consistent with this opinion.

MUNSON, C.J., and MCINTURFF, J., concur.

Reconsideration denied June 13, 1984.

Review denied by Supreme Court September 7, 1984.