[No. 19221-3-I.   Division One.   March 28, 1988.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent*, v. DEBRA AMIRPANAHI, ET AL, *Appellants*.

*D. Michael Tomkins*, for appellants.

*Harold C. Fosso* and *Julin, Fosso, Sage, McBride & Mason*, for respondent.

GROSSE, J.—The Amirpanahis appeal from a summary judgment entered against them in an action for declaratory relief with respect to their right to litigate damages due under the uninsured motorist provisions of their insurance policy. They allege that the trial court erred in concluding that they were collaterally estopped from asserting damages in excess of those awarded in a prior arbitration. We agree and reverse.

The appellants were injured in an automobile accident which was caused by an insured of Grange Insurance Company. The Grange policy had limits of $50,000. Grange and appellants entered into a voluntary arbitration agreement with floor/ceiling limits of $17,000 and $50,000 respectively. Nevertheless, the arbitrator awarded damages of $64,763.42. Grange Insurance Company paid the policy limits of $50,000 and the award was not judicially confirmed. Thereafter, the appellants demanded arbitration under their uninsured motorist policy with State Farm. State Farm refused arbitration and filed a complaint for declaratory relief asking that judgment be entered declaring that the maximum amount payable under their uninsured motorist coverage was $6,266.09 (representing the difference between the amount the arbitration award exceeded the amount paid by Grange and the amounts already paid by State Farm under its PIP coverage). Appellants counterclaimed for breach of contract in violation of the Consumer Protection Act. Summary judgment was entered on the basis that the appellants were collaterally estopped from relitigating the issue of damages because they had been determined in the prior arbitration.

Respondent contends that collateral estoppel applies and relies primarily on *Dunlap v. Wild,* 22 Wn. App. 583, 591 P.2d 834 (1979). Appellants contend that summary judgment was improper because of the insufficiency of the record from the arbitration; that collateral estoppel does

not apply because of lack of identity of issues actually decided; that the award was not confirmed and not intended to bar future proceedings; and that application of the doctrine would be inequitable.

The burden of proof as to the propriety of applying collateral estoppel is on the respondent. All facts and inferences must be considered in the light most favorable to appellants and judgment should have been granted only if from all the evidence reasonable persons could reach but one conclusion. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Collateral estoppel can be invoked by a nonparty against a party to the earlier action. The criteria for application of the doctrine are: (1) that the issue decided in the prior adjudication must be identical with one presented in the action in question; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the defense is asserted must have been a party or in privity with the party to the prior litigation; and (4) application of the doctrine must not work an injustice. *Dunlap v. Wild, supra.*

Although at first blush collateral estoppel would appear to apply because appellants' damage claims were presented to the arbitrator, we find that application of the doctrine is not warranted because of the nature of the arbitration. Affidavits submitted by appellants indicate a restriction on the arbitrator's authority to award damages to a sum between $17,500 and $50,000. The arbitrator went outside his authority by entering an award for $64,763.42.

An agreement for the submission of a dispute to arbitration defines and limits the issues to be decided. The authority of the arbitrator is wholly dependent upon the terms of the agreement of submission. The arbitration award must concern only those matters included within the agreement for submission and must not exceed the powers established by the submission.

(Footnote omitted.) *Sullivan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 246, 594 P.2d 454 (1979). *See also* 8D J. Appleman, *Insurance* § 5119.35, at 95 (1981); 14 G. Couch, *Insurance* § 50:272 (2d ed. 1982).[1]

Since there was no authority for an award in excess of policy limits, appellants were entitled to a reduction of the award to $50,000. *Sullivan v. Great Am. Ins. Co., supra.* Indeed by paying and accepting policy limits, appellants and Grange in effect reduced the award to $50,000.

In *Dunlap v. Wild, supra,* the case upon which respondent relies, the arbitrator's authority was not limited as it was in the instant case. Dunlap had arbitrated a dispute with his stock brokerage firm and later tried to sue the individual broker for damages for the same act which was the subject of the arbitration. In *Dunlap* there was a clear identity of issues decided in the arbitration and the litigation. In the instant case the issues are not so clearly identical.[2] The arbitration involved Grange's liability under its insurance contract. Any lawsuit or arbitration with State Farm will decide State Farm's liability under the underinsured motorist coverage. The arbitration did not determine appellants' total damages because of the limitation in the submission.

We hold that appellants are not precluded from relitigating the issue of their total damages because of limitation on the authority of the arbitrator. Our holding is in accord with Restatement (Second) of Judgments § 28 (1982), which allows relitigation of issues where there are

---

[1] Although appellants did not argue *Sullivan* to the trial court, they did argue the basic reasoning that the parties to the arbitration determined the scope of the arbitration which corresponded to the policy limits and that the arbitrator exceeded his authority. This court can review these issues despite lack of citation to the crucial case law and treatises.

[2] This ambiguity in identity of issues would also require the result we reach. "If there is ambiguity or indefiniteness in a verdict or judgment, collateral estoppel will not be applied as to that issue. If there is uncertainty whether a matter was previously litigated, collateral estoppel is inappropriate." (Citations omitted.) *Mead v. Park Place Properties,* 37 Wn. App. 403, 407, 681 P.2d 256 (1984).

differences in the quality or extensiveness of the procedures followed in the two forums or where there are differences in the allocation of jurisdiction between them. Our holding is also in accord with principles of automobile insurance law. *See Detroit Auto. Inter–Insurance Exch. v. Kurak*, 81 Mich. App. 217, 265 N.W.2d 86 (1978), where the Michigan Court of Appeals held that when an insured is covered by more than one insurance policy and recovers an award in arbitration within the limits of one policy, he may nevertheless demand arbitration under other policies for the same claim, provided that he may be compensated only once for any damage suffered. *See also Almeida v. State Farm Mut. Ins. Co.*, 53 Ala. App. 175, 298 So. 2d 260 (1974) (all insurance contracts are available to the insured until he or she has recovered the full amount of his or her damages); and *Elovich v. Nationwide Ins. Co.*, 104 Wn.2d 543, 707 P.2d 1319 (1985).

Accordingly, we reverse the summary judgment and remand the case for further proceedings.

SCHOLFIELD, C.J., and WEBSTER, J., concur.

Reconsideration denied June 6, 1988.

Review denied by Supreme Court October 4, 1988.