In re David W. BOYOVICH and Lena D. Boyovich, Debtor.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Plaintiff,

v.

David W. BOYOVICH and Lena D. Boyovich, Defendant.

Bankruptcy No. 90–02850.
Adv. No. A90–05167.

United States Bankruptcy Court,
W.D. Washington.

April 15, 1991.

Merrilee A. MacLean, Barnett MacLean, Seattle, Wash., for plaintiff.

Kurt Hansen, Bellevue, Wash., for defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Chief Judge.

### FACTS

Plaintiff National Union Fire Insurance Co. ("National Union") has moved for summary judgment, presenting the issue of whether two state court default judgments against the defendant constitute collateral estoppel on the issue of nondischargeability. The judgments on which National Union relies were taken by its assignor, Emily Bond, in the Bellevue District Court. In those actions, the Court entered Orders of Default and later made Findings of Fact and Conclusions of Law based on Ms. Bond's affidavit. Judgments were entered in the sums of $8,304.43 and $8,002.86. The record includes copies of the Findings of Fact and Conclusions of Law in Bellevue District Court No. 89003000 and No. 89003001, the Affidavit of Emily Bond, the Amended Judgment in case no. 89003001, and the Assignments of Judgment from Ms. Bond to National Union.

After Boyovich filed a chapter 7 bankruptcy petition, National Union filed a complaint objecting to dischargeability of its claims under 11 U.S.C. § 523(a)(4) and (6). In addition, the complaint contains factual allegations constituting fraud, which if

proven may also be a basis for excepting National Union's claims from discharge, pursuant to 11 U.S.C. § 523(a)(2).

## DISCUSSION

In its motion for summary judgment, the plaintiff asserts that the state court judgments operate as collateral estoppel on the issue of nondischargeability without specifying which subsection of § 523 is at issue. In support of its position, National Union cites *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In that case, the Supreme Court held that actual fraud under § 523(a) must be proved by a preponderance of the evidence, not by clear and convincing evidence as had been the rule in most circuits. As a corollary, the Court stated: "If the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action." *Id.* 111 S.Ct. at 658.

■ Pursuant to the full faith and credit statute (28 U.S.C. § 1738), federal courts must first look to state law to determine the preclusive effect of a prior state court judgment. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). If application of state law would result in preclusion of a claim or issue in federal court, then the Court must determine whether an exception to § 1738 exists under federal law. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). This two-step analysis is applicable in bankruptcy proceedings. *In re Stowell*, 113 B.R. 322 (Bankr.W.D.Tex.1990); *In re Holiday Interval, Inc.*, 114 B.R. 177 (Bankr.W.D. Mo.1989).

■ Washington courts recognize that "collateral estoppel precludes only those issues that have actually been litigated and determined; it 'does not operate as a bar to matters which could have ... been raised [in prior litigation] but were not.' [Cita-

tions omitted]." *McDaniels v. Carlson*, 108 Wash.2d 299 at 305, 738 P.2d 254 (1987). The party asserting collateral estoppel has the burden to show that the identical, determinative issue was in fact litigated in a prior proceeding. *Beagles v. Seattle–First National Bank*, 25 Wash. App. 925 at 930, 610 P.2d 962 (1980).

■ The courts of this state have taken a conservative approach to this issue, allowing relitigation of issues where there are "differences in the quality or extensiveness of the procedures followed in the two forums," *State Farm Mutual Automobile Insurance Company v. Amirpanahi*, 50 Wash.App. 869 at 873, 872, 751 P.2d 329 (1988); or where there is ambiguity in the identity of issues. *Mead v. Park Place Properties*, 37 Wash.App. 403, 681 P.2d 256 (1984). While there is no Washington case which specifically addresses the issue of whether a default judgment satisfies the "actually litigated" requirement, the existing authority is that it does not. Professor Orland expresses the view that, "Although there is some precedent to the contrary, the preponderant and better view is that a default judgment should have no collateral estoppel effect." Orland, *Washington Practice*, Trial Practice § 368, at 37, 38 (4th Ed.1986). This view is consistent with the Restatement (Second) of Judgments, § 27 (1982), Comment e.

The plaintiff asserts that Ms. Bond's judgment was more than a simple default, the Court having considered evidence beyond the initial pleadings and having entered Findings of Fact and Conclusions of Law. This fact does not render the judgment fully litigated for purposes of collateral estoppel. The preamble to the Findings of Fact and Conclusions of Law recites that an order of default had previously been entered against the Boyoviches, and that the Court had considered the affidavit of Emily Bond, the complaint, and the file. Pursuant to Rule 55(b)(2), Washington State Civil Rules for Courts of Limited Jurisdiction, the court is required to make findings of fact and conclusions of law before entering a default judgment, where a hearing on the facts is necessary either

to establish the amount of the judgment or to establish the truth of any averment by evidence. Where the only evidence considered in support of such a judgment is that which has been supplied by the plaintiff, it cannot seriously be argued that the issues were actually litigated. Since litigation of the pertinent issues would not be barred under Washington law, it is not necessary to determine whether federal law creates an exception to 28 U.S.C. § 1738.

## CONCLUSIONS

1. As a matter of law, the District Court judgments entered in the *Bond v. Boyovich* cases do not constitute collateral estoppel in this dischargeability proceeding, and the debtor is thus not precluded from defending the action.

2. Accordingly, the plaintiff's motion for summary judgment should be denied.