[No. 57239-9. En Banc. November 14, 1991.]

PUBLIC UTILITY DISTRICT NO. 1 OF PEND OREILLE COUNTY, ET AL, *Appellants*, v. TOMBARI FAMILY LIMITED PARTNERSHIP, ET AL, *Respondents*.

*James P. McNally, Jerry K. Boyd, Mary M. Palmer*, and *Paine, Hamblen, Coffin, Brooke & Miller*, for appellant Public Utility District.

*Kenneth O. Eikenberry, Attorney General*, and *J. Lawrence Coniff, Senior Counsel*, for appellant State.

*Joseph P. Delay* and *Delay, Curran, Thompson & Pontarolo; Marco T. Barbanti* and *Esposito, Tombari, George, Topliff & Campbell, P.S.*, for respondents.

*Robert D. Dellwo* and *Brian H. Collins* on behalf of the Kalispel Indian Tribe, amicus curiae for respondents.

JOHNSON, J. — The State and a public utility district (collectively referred to in this opinion as the State) seek to

relitigate in state court an issue decided against them in federal court. We hold that the doctrine of collateral estoppel precludes the state court action.

At issue in the federal action was the location of the line of ordinary high water within a 10-mile portion of the Pend Oreille River flowing through the Kalispel Indian Reservation. The federal court located the line for this stretch of river by applying principles of state law established in *Austin v. Bellingham*, 69 Wash. 677, 126 P. 59 (1912). *United States v. Pend Oreille PUD 1*, No. C-80-116 (E.D. Wash. Aug. 26, 1983), *aff'd*, 926 F.2d 1502 (9th Cir.), *cert. denied sub nom. Washington Dep't of Natural Resources v. United States*, 116 L. Ed. 2d 436 (1991).

Dissatisfied with the federal court decision, the State brought an action in state court pursuing relitigation of the same issue. The State did so by suing the owners of another property lying along the same portion of the Pend Oreille River, wholly surrounded by the property involved in the federal case. The trial court ruled on summary judgment that collateral estoppel precluded relitigation of this issue.

The State appealed, arguing that collateral estoppel does not apply here because its application is unjust. *See, e.g., Shoemaker v. Bremerton*, 109 Wn.2d 504, 507, 745 P.2d 858 (1987) (the fourth element of collateral estoppel requires that its application not work an injustice). The State contends that because federal courts cannot alter principles of state law, it was unable to argue in the previous action that the *Austin* test is outdated and needs to be changed. The State argues that an injustice would be worked if it were not allowed to argue these matters in state court. Accordingly, the State asks this court to forgo collateral estoppel and reformulate the *Austin* test.

■ We decline to do so. We have examined the *Austin* principles and we find them to conform generally to the principles established in other jurisidictions around the country. *See* Maloney, *The Ordinary High Water Mark:*

*Attempts at Settling an Unsettled Boundary Line*, 13 Land & Water L. Rev. 465, 476 (1978); *see generally* Washburn, *The Riparian Developer's Dilemma: Locating the Boundary of Navigable Lakes and Rivers*, 18 Real Prop., Prob. & Tr. J. 538 (1983). Moreover, the State has not satisfactorily shown that the federal court's application of that test deviated from these general principles. The State thus has presented no compelling reason why the federal court's reliance on *Austin* worked an injustice here.

We affirm the trial court.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.