In re Linda L. APFEL–WILSON, Debtor.

Joanne MILLER, Plaintiff,

v.

Linda L. APFEL–WILSON, Defendant.

Bankruptcy No. 93–05132.
Adv. No. A93–07451.

United States Bankruptcy Court,
W.D. Washington.

March 29, 1994.

M. David Templeton, Kirkland, WA, for debtor/defendant.

Joseph Zvaleuskas, Arlington, WA, for plaintiff.

## MEMORANDUM OPINION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Chief Judge.

This matter comes before the Court on the plaintiff JoAnne Miller's motion for summary judgment. Plaintiff has filed a dischargeability complaint, alleging that a state court judgment against the debtors is nondischargeable under 11 U.S.C. § 523(a)(4) (fraud or defalcation of a fiduciary) and § 523(a)(6) (willful and malicious injury). In the motion now before the Court, the plaintiff asks for summary judgment under 11 U.S.C. § 523(a)(2) (fraud). The plaintiff contends that the state court judgment operates as collateral estoppel on the issues germane to dischargeability. The defendant opposes the motion on the grounds that the motion is not supported by affidavits, and that collateral estoppel is not proper in any event.

### FACTS

The basic factual assertions are that Miller employed Linda and Curtis Wilson to act as her investment counselors for the purpose of investing life insurance proceeds received by Miller on the death of her husband. Her instructions to the Wilsons were to purchase low-risk, liquid, income-producing securities. Between September, 1985, and June, 1987, Miller delivered approximately $63,200 for investment in four separate stocks. As it turned out, these were all high-risk ventures, and Miller lost the bulk of her investment.

Plaintiff sued the debtors for fraud, securities violations, and Consumer Protection Act violations in state court. The Wilsons ap-peared through counsel until he withdrew on the eve of trial, at which point the defendants were pro se. The defendants did not appear at trial, but the plaintiff put on her evidence and obtained a judgment supported by fairly extensive findings of fact and conclusions of law. Judgment was entered in the total sum of $168,918.71, representing $105,935 in actual damages and prejudgment interest, $52,-981 in attorney's fees and costs, and $10,000 in penalties under the Consumer Protection Act.

### DISCUSSION

■ 1. *Does the collateral estoppel doctrine preclude litigation of dischargeability issues in this case?* Pursuant to the full faith and credit statute, federal courts must look to state law to determine the preclusive effect of a prior state court judgment. 28 U.S.C. § 1738); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274, *reh'g denied*, 471 U.S. 1062, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985). *See also In re Nourbakhsh*, 162 B.R. 841 (9th Cir. BAP 1994). In Washington, the applicability of collateral estoppel depends on the following factors:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Rains v. State*, 100 Wash.2d 660, 665, 674 P.2d 165 (1983).

The second and third elements are clearly satisfied in this case. More troublesome is the first element, which requires that the identical, determinative issues were in fact litigated in the prior proceeding. *Beagles v. Seattle–First National Bank*, 25 Wash.App. 925, 930, 610 P.2d 962 (1980). This element contains two related parts. First is the explicit requirement that the issues be identical. Second is the requirement that the issues have been actually litigated. *McDan-*

*iels v. Carlson,* 108 Wash.2d 299, 305, 738 P.2d 254 (1987).

■ To determine whether there is the required identity of issues, the Court must ascertain whether the factual findings in the prior action support the elements which must be proven in the present case. In her complaint, the plaintiff has alleged fiduciary fraud or defalcation under § 523(a)(4), and/or wilful and malicious injury under § 523(a)(6). Plaintiff has not sought summary judgment on the causes of action alleged in her complaint. Instead her motion is limited to § 523(a)(2), presumably subsection (A), which she did not plead in her complaint. On this basis alone plaintiff's motion fails. Even assuming that plaintiff requests and is permitted to amend her complaint, collateral estoppel still would not apply.

■ To support an action under § 523(a)(2)(A), the plaintiff must prove by a preponderance of the evidence the following elements:

(1) [that] the debtor made the representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations;

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*In re Britton,* 950 F.2d 602 (9th Cir.1991) (quoting *In re Houtman,* 568 F.2d 651 (9th Cir.1978). While the Superior Court in this case reached the legal conclusion that the defendants had defrauded the plaintiff, the findings of fact are deficient as to certain key elements of § 523(a)(2)(A). Notably absent are findings that the debtor knowingly made false representations, with the intention of deceiving the plaintiff. Further, in *In re Kirsh,* 973 F.2d 1454 (9th Cir.1992), the Ninth Circuit established a requirement that the plaintiff's reliance on the debtor's statements be justified. The Superior Court made no finding that the plaintiff's reliance on the debtor's representations were justified. Without these findings, the Superior

Court record is not sufficient to operate as collateral estoppel in an action under § 523(a)(2)(A).

■ Finally, the defendants contend that the absence of the defendants from the trial results in the issues having not been actually litigated. It is this element that distinguishes collateral estoppel from res judicata, in that "collateral estoppel precludes only those issues that have actually been litigated and determined; it 'does not operate as a bar to matters which could have ... been raised [in prior litigation] but were not.' [Citations omitted]." *McDaniels v. Carlson,* 108 Wash.2d at 305, 738 P.2d 254. In *In re Boyovich,* 126 B.R. 348 (Bankr.W.D.Wash. 1991), this Court held that, under Washington law, a default judgment cannot support the "actually litigated" element of the collateral estoppel doctrine. The present case is distinguishable from *Boyovich,* in that here the defendants actually answered the complaint and participated in the litigation up to the trial, and no order of default was entered. There is no Washington case on point. Inasmuch as the Court has determined that the issues are not sufficiently identical to qualify for collateral estoppel, it need not decide whether the proceedings in state court satisfy the "actually litigated" test.

■ **2. *Is the state court judgment conclusive on the issue of damages?*** In *In re Daghighfekr,* 161 B.R. 685 (Bankr. 9th Cir. 1993), the Bankruptcy Appellate Panel confirmed that, while a judgment may have no preclusive effect as to the nature of the injury on which it is based, the judgment itself is *res judicata* as to the amount of the claim, even when taken by default. *See also In re Comer,* 723 F.2d 737 (9th Cir.1984).

■ In the present case, the judgment included compensatory damages as well as a penalty under the Consumer Protection Act, plus attorneys' fees. The Ninth Circuit has ruled that punitive damages may be excepted from discharge under § 523(a)(4) and (a)(6). *In re Britton,* 950 F.2d 602 (9th Cir.1991). However, they are dischargeable under (a)(2). *In re Levy,* 951 F.2d 196 (9th Cir. 1991). This distinction is based on the language of the Code. Under § 523(a)(6),

" ' "All liabilities resulting [from the act] are nondischargeable." ' [Citations omitted]." 950 F.2d at 606. Under § 523(a)(2), on the other hand, a debt is nondischargeable only "to the extent obtained by" the fraud. 951 F.2d at 198. Hence if this case proceeds to trial under § 523(a)(4) and/or (a)(6), and if the plaintiff prevails, the punitive damages will not be dischargeable. If the plaintiff amends her complaint to allege a cause of action under § 523(a)(2), the punitive damages will be dischargeable. The same reasoning, and therefor the same result, will apply to the award of attorney's fees. That is, they will be dischargeable under § 523(a)(2), because of the lack of causation between the debtor's conduct and the award. However, they will not be dischargeable under § 523(a)(4) or (6).

In conclusion, the plaintiff's motion for summary judgment as to the issue of dischargeability will be denied. The state court judgment is *res judicata* as to the amount of damages, the dischargeability of each element being reserved for trial in accordance with this ruling.