[No. 18845-7-II. Division Two. October 4, 1996.]

HELEN T. ANDERSON, *Respondent*, v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Appellant*.

---

*Timothy R. Gosselin* and *Burgess, Fitzer, Leighton & Phillips, P.S.*, for appellant.

*Benjamin F. Barcus, Mark A. Schneider*, and *Law Offices of Ben F. Barcus*, for respondent.

ARMSTRONG, J. — Farmers provided underinsured motorists coverage (UIM) to Helen Anderson with limits of $25,000. Anderson was injured in an auto accident and

demanded arbitration under policy language providing arbitration "as to the amount of payment under this Part [UIM]."

The arbitrators awarded Anderson $56,000, and the trial court confirmed the full amount of the award, together with costs, including some incurred in the third-party action against the other driver. The trial court also entered findings that detailed the settlement negotiations between Farmers and Anderson and a conclusion that Farmers acted in bad faith. The issues are: (1) Does Farmers' policy limit the arbitrators' authority to the amount of the UIM limits; (2) Did the trial court err by entering findings and conclusions on bad faith; and (3) Did the trial court err in its award of costs? We reverse and remand, holding that the policy language limited the arbitrators' authority to the amount of the UIM limits, that the trial court lacked authority to make findings and conclusions on bad faith, and that the costs were improperly assessed.

## FACTS

Helen Anderson was injured when her automobile was negligently struck by an automobile driven by Musa Idares. Both drivers were insured by Farmers. Idares had a third party liability limit of $25,000. Anderson had a $25,000 bodily injury limit on her UIM coverage.

Anderson sued Idares and also demanded arbitration of her UIM claim with Farmers. Later, Anderson dismissed the action against Idares. The UIM arbitration panel awarded Anderson $56,000 in damages, including $8,600 in medical expenses and $47,400 in general damages.

## PROCEDURAL HISTORY

Anderson moved to confirm the full amount of the award with costs, including certain costs incurred in the

third party action against Idares. Anderson also sought reasonable attorney fees. Farmers countered that it was entitled to a $25,000 credit for Idares's liability limit, that the court lacked authority to award attorney fees, and that Anderson was not entitled to costs under RCW 4.84.010 because the statute only applies to superior court proceedings, not UIM arbitrations.

The trial judge confirmed the entire arbitration award and awarded attorney fees and costs under *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). The trial court also entered Anderson's proposed findings of fact and conclusions of law establishing bad faith.

On the same day that the arbitration award was confirmed, the Supreme Court issued *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280-82, 876 P.2d 896 (1994), holding that an insured is not entitled to attorney fees incurred in a UIM arbitration proceeding to determine damages. Farmers moved for reconsideration in this case, arguing that: (1) Anderson was not entitled to attorney fees under *Dayton*; (2) the court erred in entering the bad faith findings and conclusions because RCW 7.04.150 limits the trial court to confirming, vacating, modifying, or correcting an arbitration award; (3) it was entitled to a $25,000 credit for Idares's liability limit; and (4) the court erred in assessing costs.

Later, Farmers filed a supplemental memorandum in support of its reconsideration motion, arguing its previous objections and also arguing that the arbitration award exceeded the arbitrators' authority under Farmers policy. Anderson moved to strike Farmers' supplemental memorandum, contending that Farmers was rearguing issues already ruled on. The trial court granted the motion to strike and entered an amended order confirming the

arbitration award, but denying attorney fees. Farmers appeals.

## ANALYSIS

1. Arbitrator Authority and Judicial Confirmation of Awards

Farmers initially argues that its policy limited the arbitrators' authority to an award within the UIM policy limit — $25,000. Anderson responds that Farmers raises this argument for the first time on appeal. We disagree with Anderson's procedural argument for several reasons.

First, Farmers did raise the authority issue in its supplemental brief in support of the reconsideration motion. Anderson argued that the trial court should strike the supplemental brief because Farmers was rearguing old issues. This was incorrect. Although Farmers' supplemental brief addressed issues already argued, it also raised for the first time the argument that the arbitrators' authority was limited by the policy language. We conclude that Farmers' supplemental brief was properly before the trial court and should have been considered.

■ Second, although an appellate court will usually not consider issues unless first presented to the trial court, jurisdictional questions are an exception to the rule. *Jones v. Stebbins*, 122 Wn.2d 471, 479, 860 P.2d 1009 (1993); *In re Custody of Brown*, 77 Wn. App. 350, 353, 890 P.2d 1080 (1995).

■ An arbitrator's powers are governed by the agreement to arbitrate. *Barnett v. Hicks*, 119 Wn.2d 151, 155, 829 P.2d 1087 (1992). The ensuing award must not exceed the authority established in the agreement. *ACF Property Mgt., Inc. v. Chaussee*, 69 Wn. App. 913, 919, 850 P.2d 1387, *review denied*, 122 Wn.2d 1019 (1993) (quoting *Sullivan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 246, 594 P.2d 454 (1979)). If the arbitrators exceed their authority under the agreement, the award is deemed void and the court

has no jurisdiction to confirm it under RCW 7.04.150. *ACF*, 69 Wn. App. at 920-21. Thus, Farmers may raise the jurisdictional issue for the first time on appeal.

Farmers then relies upon *State Farm Mut. Auto. Ins. Co. v. Amirpanahi*, 50 Wn. App. 869, 751 P.2d 329, *review denied*, 111 Wn.2d 1012 (1988), and *Sullivan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 594 P.2d 454 (1979), in support of its argument that the arbitrators were limited by the policy language.

In *Amirpanahi*, the parties entered into a voluntary arbitration agreement, restricting the arbitrator's authority to an award between $17,000 and $50,000. *Amirpanahi*, 50 Wn. App. at 871. Nevertheless, the arbitrator awarded more than $64,000. In a later proceeding, the court held that, because the arbitrator exceeded his authority, the award did not collaterally estop relitigation of the amount of damages. *Amirpanahi*, 50 Wn. App. at 872.

In *Sullivan*, the UIM portion of the insurance policy provided:

> If any person making claim hereunder and the company do not agree . . . as to the amount of payment which may be owing under this part, then . . . the matter . . . shall be settled by arbitration . . . . Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this part.

*Sullivan*, 23 Wn. App. at 245 (emphasis omitted). The UIM and medical payments limits available for the two claimants totaled $34,000. Unable to settle, the claimants demanded arbitration. The arbitrator, who was not told the limits of the policy, awarded $106,000 total for the two claimants. *Sullivan*, 23 Wn. App. at 244. The court held this was properly reduced to the available limits, $34,000, because the policy language restricted the arbitrators' authority to the "amount . . . owing under this part", i.e., the limits of the UIM coverage. *Sullivan*, 23 Wn. App. at 246.

The language of Farmers' UIM coverage provides:

> If an insured person and [Farmers] do not agree . . . as to the amount of payment under this Part [UIM], either that person or [Farmers] may demand that the issue be determined by arbitration.

■ As in *Sullivan,* Farmers' policy authorizes arbitration as to "the issue" which is "the amount . . . [due] under this Part [UIM]." The amount due under the UIM coverage is something between $0 and $25,000 — the UIM limit. In the absence of any instructions from the parties to the arbitrators that would modify the authority granted by the policy,[1] we conclude that the arbitrators could award no more than the limit of the UIM coverage.[2]

■ Because the UIM carrier is entitled to a credit for the liability limit of the tortfeasor,[3] the amount due under the UIM coverage cannot be calculated without knowing this limit. Here, Farmers advised the trial court of the limit — $25,000 — and argued that it was entitled to a credit for that amount.[4] Farmers was correct. The trial court should have calculated the amount due to Anderson under her UIM coverage by deducting the torfeasor's liability limit of $25,000 from the total award, $56,000. Because this difference, $31,000, exceeds Anderson's UIM limit, Anderson was entitled to a judgment only for the full amount of her UIM limit — $25,000.

## 2. Findings of Fact and Conclusions of Law in Arbitration Awards

■ Farmers then contends that because it was never sued for bad faith and did not receive a trial on the claim

---

[1]The parties agreed that the arbitrators were given no instructions as to their authority.

[2]At oral argument, Farmers conceded that a judgment for the contractual amount due Anderson would not bar any potential tort claim for bad faith. *Safeco Ins. Co. of Am. v. Butler,* 118 Wn.2d 383, 389, 823 P.2d 499 (1992) (action for bad faith handling of an insurance claim sounds in tort).

[3]*Hamilton v. Farmers Ins. Co. of Wash.,* 107 Wn.2d 721, 728, 733 P.2d 213 (1987) (underinsurer always allowed to credit full amount of tortfeasor's liability coverage against the insured's damages).

[4]Farmers paid medical expenses for Anderson, but the issue of what credit, if any, Farmers is entitled to for these payments is not before us.

of bad faith, entry of the bad faith findings and conclusions denied it due process and its right to a jury trial. We need not, however, decide these constitutional questions because we hold that the trial court exceeded its statutory authority in entering the findings and conclusions. *In re Myers*, 105 Wn.2d 257, 268, 714 P.2d 303 (1986) (court need not consider a constitutional issue if nonconstitutional grounds dispose of the case).

The trial court's findings included that Farmers' claims representative had "acted inappropriately"; that Farmers' highest offer "was unreasonable"; that Anderson "was unreasonably forced to litigate her claim"; and that Farmers had "acted inequitably and engaged in an unfair business practice." Based on these findings, the trial court concluded, in part, that Farmers breached its duties towards Anderson by acting in bad faith.

But the trial court possesses very limited authority to review an arbitration award. The court may only confirm, vacate, modify, or correct an arbitration award based on the statutory grounds identified at RCW 7.04.150-.170. *Barnett*, 119 Wn.2d at 156. The court may not look behind the face of the award to determine if additional amounts might be appropriate. *Dayton*, 124 Wn.2d at 280.

Here, the arbitrators were asked only to determine the value of Anderson's injuries. They did not consider, and did not have authority to consider, any bad faith issues, i.e., Farmers' investigation and evaluation of the claim or the reasonableness of Farmers' settlement offers. Thus, the findings and conclusions relating to Anderson's potential bad faith claim were entirely collateral to the arbitrator's award; the trial court exceeded its authority in entering them. *Barnett*, 119 Wn.2d at 156.

3. Arbitration Costs Under RCW 7.04.190 and RCW 4.84.010

Farmers then argues that the trial court exceeded its authority in awarding costs to Anderson. It maintains that RCW 7.04.190 limits the authority of the trial court to awarding only the costs of confirming the arbitration award. Anderson responds that Farmers is raising these issues for the first time on appeal, and that the trial court properly awarded costs under RCW 4.84.010.

Although it did not cite RCW 7.04.190, Farmers argued in its initial brief that Anderson was not entitled to costs under RCW 4.84.010. The trial court entered written findings of fact and conclusions of law, and Farmers filed a motion for reconsideration with a supporting brief. After the trial court orally ruled on the reconsideration motion, but before a written order had been entered, Farmers submitted a supplemental brief, renewing its argument on costs and citing RCW 7.04.190. A trial court's oral statements are "no more than a verbal expression of [its] informal opinion at that time . . . necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned." *State v. Dailey*, 93 Wn.2d 454, 458, 610 P.2d 357 (1980) (quoting *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963)). Until a formal order has been entered, the court may change its mind. *Felsman v. Kessler*, 2 Wn. App. 493, 498, 468 P.2d 691 (1970); *see also Meridian Minerals v. King County*, 61 Wn. App. 195, 202-03, 810 P.2d 31 ("Although not encouraged, a party may submit additional evidence after a decision on summary judgment has been rendered, but before a formal order has been entered"), *review denied*, 117 Wn.2d 1017 (1991). Farmers, therefore, timely submitted the supplemental legal memorandum for consideration by the trial court. Furthermore, where an issue does not depend on new facts and is closely related to an issue previously raised, it may be raised in a motion for reconsideration. *Newcomer v. Masini*, 45 Wn. App. 284, 287, 724 P.2d 1122 (1986). Thus, Farmers did raise the costs argument before the trial court.

RCW 7.04.190 provides, with regard to judgment costs in confirming an arbitration proceeding, that:

> Upon the granting of an order, confirming . . . an award, judgment or decree shall be entered in conformity therewith. Costs of the application and of the proceedings subsequent thereto, not exceeding twenty-five dollars and disbursements, may be awarded by the court in its discretion.

RCW 7.04.190. Under this statute, the trial court, in its discretion, may award the costs of the application to confirm the arbitration award and the costs associated with further proceedings. RCW 7.04.190

Anderson argues, however, that RCW 7.04.190 does not preclude an award of costs pursuant to RCW

4.84.010 in addition to the costs specified in RCW 7.04.190. We disagree. RCW Chapter 4.84 sets forth the costs to be awarded in civil actions, including mandatory arbitrations. *See* RCW 4.84.010. RCW 7.04.190, however, is specific and sets forth the costs to be awarded in confirming an award pursuant to agreed arbitration. A specific statute supersedes a general statute when both might apply. *See Waste Mgt. of Seattle, Inc., v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 630, 869 P.2d 1034 (1994).

Here, the trial court properly awarded Anderson the $110 application cost to confirm the arbitration award. The trial court erred, however, in awarding filing fees for the third party action, service of process fees, deposition fees, and costs to obtain medical and police records, because these were not incurred subsequent to the application. *See* RCW 7.04.190.

In conclusion, we hold that Anderson is entitled to a judgment for the amount of her UIM limit — $25,000— together with costs to be assessed under RCW 7.04.190; the findings and conclusions of bad faith are vacated. We reverse and remand for further proceedings consistent with this opinion.

BRIDGEWATER and TURNER, JJ., concur.

After modification, further reconsideration denied, November 22, 1996.

Review denied at 132 Wn.2d 1006 (1997).