[No. 19427-9-II.   Division Two.   February 28, 1997.]

CHRISTINA NIELSON, ET AL., *Petitioners*, v. SPANAWAY GENERAL MEDICAL CLINIC, INC., ET AL., *Respondents*.

250

*Carl A. Taylor Lopez* and *Lopez & Fantel, Inc., P.S.*, for petitioners.

*Stephen L. Henley* and *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.*, for respondents.

BRIDGEWATER, J. — Christina Nielson and her parents, Bradley and Stacey Nielson (Nielsons), appeal the order of partial summary judgment that precludes them from relitigating damages based upon a prior adjudication awarding damages in federal court. We hold that collateral estoppel applies and that they are precluded from relitigating the issue of damages in state court. We affirm.

After Christina, a minor, suffered permanent neurologi-

cal injuries resulting from undiagnosed congestive heart failure, the Nielsons sued Madigan Army Medical Center in federal court (28 U.S.C. § 1346(b) (1993)). They sued Spanaway General Medical Clinic, Inc., and Dr. Karel Pokorny in state court. Dr. Pokorny had examined Christina without diagnosing her serious heart condition. The parties dispute whether Dr. Pokorny advised that Christina obtain immediate emergency pediatric care. An hour after leaving the clinic, Christina arrived at Madigan. Madigan failed to diagnose Christina's heart condition and permanent neurological injuries occurred. The federal trial with the United States as a defendant was a mandatory bench trial and concluded before the state trial began. The Nielsons could have requested the federal court to obtain supplemental jurisdiction over the clinic and have a jury decide the state claim, but did not. There is no evidence that the Nielsons sought to stay the federal proceedings until the state proceedings concluded. The federal court determined that Madigan's negligence proximately caused Christina's permanent neurological injuries and awarded her and her parents monetary damages to place them as nearly as possible in the condition they would have occupied if the wrong had not occurred. Damages of $3.1 million were awarded to Christina;[1] an appeal and cross-appeal followed, but the parties settled with the government for $2.85 million before their appeals were considered.

The parties dispute whether Dr. Pokorny's treatment of Christina was negligent. But the parties agreed that no injury to Christina occurred between the time she saw Dr. Pokorny at Spanaway Clinic and when she entered Madigan. The Nielsons pursued their state claim against the defendants; but their state claim was limited by a partial summary judgment that collaterally estopped them from relitigating the amount of compensatory damages already litigated and decided in federal court. The Nielsons

---

[1]The award of $100,000 to each parent was not appealed in the federal action nor is it at issue in this appeal.

contend they should not be precluded from relitigating the issue of damages in state court because the issue was not fully and fairly litigated and because they have a constitutional right to a jury determination of damages.

■ An appellate court reviewing a summary judgment considers the matter de novo and makes the same inquiry as the trial court; summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue about any material fact and, assuming facts most favorable to the nonmoving party, establish that the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

■ Generally, a party is estopped from relitigating an issue in a subsequent action when the party previously adjudicated the issue to finality. The policy underlying the doctrine is that a claimant should be entitled to one, but not more than one, fair adjudication of an issue. *McDaniels v. Carlson*, 108 Wn.2d 299, 303, 738 P.2d 254 (1987). A nonparty to a prior adjudication may use the collateral estoppel doctrine defensively against a party to an earlier action. *Dunlap v. Wild*, 22 Wn. App. 583, 591 P.2d 834 (1979). The party invoking collateral estoppel has the burden of proving the facts needed to sustain it. *McDaniels*, 108 Wn.2d at 303-04; *State Farm Mut. Auto. Ins. Co. v. Amirpanahi*, 50 Wn. App. 869, 871, 751 P.2d 329, *review denied*, 111 Wn.2d 1012 (1988). To determine whether a party is estopped from relitigating an issue decided in a prior forum, the court must address four questions:

(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And (4) will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied? If each of these questions is answered affirmatively, the party is estopped.

*Larsen v. Farmers Ins. Co.*, 80 Wn. App. 259, 262-63, 909 P.2d 935 (1996) (footnote omitted).

We answer the first and third questions affirmatively. Spanaway Clinic argues that the issues of compensatory damages are identical, and that the damages attributable to the clinic are not separate and distinct from the damages attributable to Madigan. The Nielsons agree that the issues are identical. They were a party in the prior adjudication.

■ We also answer the second question—whether there was a final judgment on the merits—affirmatively. The Nielsons contend that collateral estoppel should not be applied to a judgment of dismissal entered after a settlement. The Nielsons rely on *Marquardt v. Federal Old Line Ins. Co.*, 33 Wn. App. 685, 689, 658 P.2d 20 (1983), claiming collateral estoppel should not be based on settlement agreements. But the trial court based collateral estoppel on the federal district court judgment, not on the post-judgment settlement agreement between Madigan and the Nielsons. The federal district court judgment was a final judgment after the claim was fully and fairly litigated. A federal district court judgment may have a preclusive effect on a subsequent state adjudication. *See, e.g., Public Util. Dist. No. 1 v. Tombari Family Ltd. Partnership*, 117 Wn.2d 803, 819 P.2d 369 (1991); *Rains v. State*, 100 Wn.2d 660, 674 P.2d 165 (1983); *Robinson v. Hamed*, 62 Wn. App. 92, 96-97, 813 P.2d 171, *review denied*, 118 Wn.2d 1002 (1991).

■ ■ The fact that the matter was settled while on appeal does not alter the finality of the federal court judgment. "[A]n appeal does not suspend or negate the res judicata aspects of a judgment entered after trial in the superior courts." *Riblet v. Ideal Cement Co.*, 57 Wn.2d 619, 621, 358 P.2d 975 (1961) (emphasis omitted) *cited in Lejeune v. Clallam County*, 64 Wn. App. 257, 265, 823 P.2d 1144, *review denied*, 119 Wn.2d 1005 (1992). "[A] judgment . . . becomes final for res judicata purposes at the beginning, not the end, of the appellate process, although

res judicata can still be defeated by later rulings on appeal." *Lejeune*, 64 Wn. App. at 266. An unvacated final judgment of federal district court remains final for the purposes of collateral estoppel even where a postjudgment settlement between the parties makes the appeal moot. *See Ringsby Truck Lines, Inc. v. Western Conference*, 686 F.2d 720 (9th Cir. 1982) (parties' interest in vacating judgment after settlement generally outweighed by public interest in judicial finality and third party interest in nonmutual preclusion).

■■ ■■ The fourth question is also answered affirmatively. Application of the doctrine of collateral estoppel does not work an injustice where a plaintiff "had an unencumbered, full and fair opportunity to litigate his claim in a neutral forum—federal district court." *Rains*, 100 Wn.2d at 666. The heart of the Nielsons' appeal is their contention that application of collateral estoppel to the issue of damages would work an injustice because it would deny them their right to a jury trial. Washington's constitution provides that "[t]he right of trial by jury shall remain inviolate . . . ." Art. I, § 21. The right extends to protect the jury's role of determining damages. *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 646, 771 P.2d 711, 780 P.2d 260 (1989). The constitutional provision was probably "simply intended as a limitation [on] the right of the legislature to take away the right of trial by jury, and . . . it did not intend to interfere with the right of the individual to waive such privilege." *State v. Ellis*, 22 Wash. 129, 131, 60 P. 136 (1900), *overruled on other grounds by State v. Lane*, 40 Wn.2d 734, 246 P.2d 474 (1952). The Nielsons argue that collateral estoppel has no "constitutional dimension," and should give way to the constitutional right to a jury determination of noneconomic damages.

■■ The Nielsons waived their privilege to a jury trial in two ways: (1) by electing to proceed in the federal forum, where there was no right to a jury trial, without seeking a continuance to stay the proceeding; and (2) by failing to seek supplemental jurisdiction over the state claim in

federal court and requesting a jury trial. Collateral estoppel applies.

We affirm.

HOUGHTON, C.J., and ARMSTRONG, J., concur.

Review granted at 132 Wn.2d 1007 (1997).