**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYDRA-PRO DUTCH HARBOR INC., | No. 12-35199 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01695-RAJ |
| v. | |
| SCANMAR AS, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 8, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

The district court erred when it granted summary judgment for Scanmar on

Scanmar's counterclaims (the "Counterclaims") based on the outcome of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Norwegian arbitration proceeding (the "Arbitration").[1]  Washington law controls

whether the Arbitration has preclusive effect.  *See Jacobs v. CBS Broad., Inc.*, 291

F.3d 1173, 1177 (9th Cir. 2002).  Under Washington law, issue

preclusion—commonly called collateral estoppel—requires the party seeking

preclusion to establish that:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 96 P.3d 957, 961 (Wash. 2004).

Here, the parties do not dispute that the Arbitration resulted in a judgment on the

merits.  However, Scanmar fails to demonstrate the remaining three elements.

First, Scanmar cannot show that the Arbitration decision addressed issues

identical to those raised by the Counterclaims.  *See Regan v. McLachlan*, 257 P.3d

1122, 1127 (Wash. Ct. App. 2011).  Further, we reject Scanmar's argument that the

---

[1] We reject Hydra-Pro Dutch Harbor, Inc.'s argument that the district court erred by granting summary judgment *sua sponte* without reasonable notice under Federal Rule of Civil Procedure 56(f).  The district court specifically ordered the parties to brief the issue preclusion question at least twice.  Accordingly, the parties had "a fair opportunity to contest the issues decided" as required by Rule 56.  *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

Arbitration decision's factual findings establish the Counterclaims, regardless of whether the *legal* issues were identical. Even if factual findings were to preclude further litigation of those facts under Washington law, *see id.*, despite the privity and "works injustice" issues discussed below, the Arbitration findings do not prove each element of the Counterclaims under Washington law, *see Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997) (reciting the elements of tortious interference with business expectancy). Similarly, we reject Scanmar's argument that HPDH admitted statements of fact from the district court's September 20, 2010 order and that those facts establish the Arbitration's preclusive effect. The document that Scanmar argues is evidence of the "admissions" does not show HPDH's agreement with any specific facts, and the record nowhere else supports Scanmar's argument.

Second, HPDH was not a party, or in privity with a party, to the Arbitration. While a related company, HPSEA, was a party to the Arbitration, HPDH was not in privity with HPSEA. Washington courts will find privity "only when the nonparty participated in the former adjudication, for instance as a witness, and when there is evidence that the subsequent action 'was the product of some manipulation or tactical maneuvering.'" *Stevens Cnty. v. Futurewise*, 192 P.3d 1, 9 (Wash. Ct. App. 2008) (quoting *Garcia v. Wilson*, 820 P.2d 964, 967 (Wash. Ct.

3

App. 1991)).  Here, nothing suggests that HPDH (as distinct from officers of HPDH) participated in the Arbitration.  Further, HPDH has not engaged in tactical maneuvering to defend against the Counterclaims in the instant suit rather than the Arbitration.  Indeed, it was Scanmar that successfully opposed HPDH's attempt to intervene in the Arbitration.

Third, Scanmar's claim that preclusion does not work injustice to HPDH is unwarranted.  Exclusion from the Arbitration deprived HPDH of "an unencumbered, full and fair opportunity to litigate [its] [defenses] in a neutral forum . . . ."  *Nielson ex rel. Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 931 P.2d 931, 935 (Wash. Ct. App. 1997) (internal quotation marks omitted).  As such, it would be unjust to saddle HPDH with the outcome of the Arbitration where Scanmar actively blocked HPDH's participation in the proceeding.

**REVERSED** and **REMANDED**.